MARY A. JUDD *vs.* WILLIAM H. DIKE.

May 4, 1883.

**Action for Accounting by Trustee, etc., Triable by Court.**—An action for an accounting for property taken and held in trust by defendant for plaintiff, and for a partition of a part thereof, and the appointment of a receiver to effect the same, is of an equitable nature, and properly triable by the court without a jury.

**Same—Proper Party Plaintiff.**—The trustee having deceased, and no successor having been appointed, the *cestui que trust*, as the real party in interest, is the proper party plaintiff in such an action.

**Trustee charged with Interest on Proceeds of Sale.**—Trustee *held* properly chargeable with interest on money received from the sale of trust property from the time when the same was received.

Plaintiff brought this action in the district court for Rice county, alleging in her complaint that on and long prior to March 2, 1881, the plaintiff and defendant were the owners of four Minnesota state railroad bonds, numbered 1740, 1742, 1743 and 1745, drawing interest at 7 per cent. per annum from March 10, 1869, and payable

to bearer, the defendant's interest therein being two-thirds and plaintiff's one-third. That the bonds were in defendant's possession, and their ownership, as above stated, continued until March 22, 1881, when defendant, with plaintiff's consent, deposited the bonds with the state auditor, and afterwards received in exchange therefor the sum of $126.31 in cash, and seven Minnesota state railroad-adjustment bonds, of the denomination and value of $1,000 each, and numbered 3162 to 3168 respectively, (both inclusive,) payable to bearer, and drawing interest at 4½ per cent. per annum from January 1, 1882; and in consideration of plaintiff's interest in the old bonds and her consent to the deposit and exchange, the defendant promised to pay over to her her proportionate share of the proceeds thereof. That on or about January 1, 1882, the defendant, without plaintiff's knowledge or consent, sold two of the seven new bonds, at their par value, and received therefor $2,000 and the accrued interest to the time of sale. That about February 20, 1882, plaintiff demanded her share of the proceeds of the original bonds so deposited for exchange, but the defendant has not paid her any part of the money or new bonds received in exchange, or any part of the proceeds of the new bonds sold, but wholly refuses to do so, and has converted all and singular the same to his own use.

The prayer for judgment is: "That the defendant account for and pay over to the plaintiff her share of the proceeds of the original bonds and of the money and property realized, and, in case it shall be found that a portion of the proceeds remaining in defendant's hands consist of Minnesota state railroad-adjustment bonds or other property which are incapable of being justly divided, that the plaintiff recover her share of the value thereof, or that the same be placed in the hands of a receiver or some suitable person appointed by the court, to be disposed of and converted into money under the direction of the court, and the proceeds thereof be distributed between the parties as their respective interests may require, and for such other or further judgment, order or relief as to the court may seem just and equitable."

The answer admits defendant's possession and exchange of the old bonds, his receipt of the cash and new bonds on the exchange, his

sale of two of the new bonds for $2,000, without plaintiff's knowledge or consent, "as he lawfully might," admits the demand and refusal, and denies that plaintiff ever had any interest in any of the old bonds, or that he ever promised to pay over to her any part or share of the proceeds thereof. The reply denied every allegation of new matter in the answer.

The action being on the calendar for trial at the May, 1882, general term, *Buckham*, J., presiding, and being reached upon the preliminary call of the calendar, the defendant claimed and insisted that the issue was of fact in an action for the recovery of money only, and triable by a jury as a matter of right; and afterwards, when the cause was called for trial, the defendant renewed his claim, and demanded and insisted that the issues in the cause be tried by a jury. The court refused the demand and denied a jury trial, and proceeded to try the action without a jury, to all which the defendant excepted. The court found as facts that on and long prior to March, 1881, the plaintiff and defendant were owners of three Minnesota state railroad bonds, which had been purchased by defendant and one Jared Bishop, as trustee of the plaintiff, while partners in business, long prior to March 22, 1881, and held by them with other property, including a small interest in a fourth bond, until some time after the dissolution of their copartnership; and in their final settlement of their partnership affairs, it was agreed between the partners that, as to the bonds, the defendant should thereafter hold a two-thirds interest in the three bonds, and Bishop, as trustee for plaintiff, a one-third interest; and the bonds were left in the defendant's hands for management and collection and were so retained by him until exchanged. That about ten years before the trial, Bishop, plaintiff's trustee, died, and before his death the property held by him as such trustee, and all right thereto, passed into the possession and control of the plaintiff, "though whether by actual surrender and delivery thereof, or by a written assignment, or by verbal gift, is left uncertain upon the evidence." The court found the exchange, and a sale of four of the new bonds prior to the trial, and as a conclusion of law, that, on the exchange, the plaintiff became entitled to her proportionate share of the new bonds,—viz., one-third of three-

fourths,—and was entitled to judgment declaring her right to such proportionate share of such money and bonds, and adjudging that defendant pay her such share of the sum paid him on the exchange, and of the proceeds of the bonds sold, with interest on each sum from the time of its receipt by defendant; and directing a sale of the remainder of the bonds, under the direction of the court and by its receiver and according to the practice of the court in such cases, and a division of the net proceeds of such sale between the parties in proportion to their respective interests; and that in and by the judgment George A. Weston be appointed receiver, etc.

Defendant moved for a new trial on the grounds (1) irregularity in the proceedings of the court by which defendant was prevented from having a fair trial; (2) that the decision was not justified by the evidence; (3) errors in law duly excepted to. The motion was denied, judgment was entered in accordance with the decision, and the defendant appealed.

*Geo. N. Baxter,* for appellant. The complaint states merely a promise by defendant to pay over to plaintiff one-third of the proceeds of the old bonds, his refusal to do so, and a conversion of them. The plaintiff's adequate remedy would be a money judgment for damages upon the contract or for the conversion. The nature of the action is determined by the facts stated in the complaint, and not by the demand for relief. This is therefore an action at law for the recovery of money only, and the right to a jury trial is secured by the constitution (art. 1, § 4,) and by the statute. Gen. St. 1878, c. 66, § 216.

But if the plaintiff's prayer for partition or sale of the remaining bonds gives the complaint an equitable character, then she has united to this equitable cause of action a legal cause of action for recovery of one-third the money received from the bonds sold. Conceding that these may be united in one complaint, the defendant is entitled to a jury trial of the legal cause of action. *Davis* v. *Morris,* 36 N. Y. 569; *People* v. *Albany & S. R. Co.,* 57 N. Y. 161, 174; *Sternberger* v. *McGovern,* 56 N. Y. 12; *Bradley* v. *Aldrich,* 40 N. Y. 504; *Barlow* v. *Scott,* 24 N. Y. 40; *Phillips* v. *Gorham,* 17 N. Y. 270; *Harrison* v. *Juneau Bank,* 17 Wis. 350; *Gunn* v. *Madigan,* 28 Wis. 158,

166; *Guernsey* v. *American Ins. Co.*, 17 Minn. 83, (104;) Pomeroy on Remedies, § 86.

*G. W. Batchelder*, for respondent.

The object of the action, was to obtain a settlement of partnership matters. The remedy of accounting, though it may result in a money judgment, is beyond the competency of a jury. Pomeroy on Remedies, § 52; *Van Rensselaer* v. *Emery*, 9 How. Pr. 135; *McKeon* v. *See*, 51 N. Y. 300. The charge of conversion is immaterial, and does not change this into an action at law. *Conaughty* v. *Nichols*, 42 N. Y. 83.

Defendant held the old bonds in trust for himself and plaintiff, each owning an undivided interest in each bond. Plaintiff could not in an action at law recover possession of her share of the bonds in specie, nor any money beyond her share of the money realized from the bonds collected or sold, less defendant's reasonable charges and expenses in the management and collection. When defendant got the new bonds, he denied plaintiff's interest and claimed to be sole owner. To procure an accounting and settlement, the plaintiff was compelled to resort to an equitable action to place the property in a receiver's hands, to be converted into money and properly distributed. *Van Rensselaer* v. *Emery*, *supra; Gillett* v. *Treganza*, 13 Wis. 472; *Cobb* v. *Smith*, 23 Wis. 261.

Both legal and equitable causes of action may be alleged and enforced in the same action when they arise from the same transaction or subject-matter; Pomeroy on Remedies, § 78; *Montgomery* v. *McEwen*, 7 Minn. 276, (351;) *First Div., etc., R. Co.* v. *Rice*, 25 Minn. 278; and if defendant desired a jury trial of any issue, he should have given notice and furnished a statement of the specific issues to be submitted. The court is not compelled to submit all the issues in such a case to a jury. Dist. Court Rule 22; Gen. St. 1878, c. 66, § 217; *O'Brien* v. *Bowes*, 17 N. Y. Sup. Ct. 657; *Carrie* v. *Cowles*, 22 N. Y. Sup. Ct. 642; *Hewlett* v. *Wood*, 62 N. Y. 75; *See* v. *Partridge*, 2 Duer, 463; *Stilwell* v. *Kellogg*, 14 Wis. 461; *Berkey* v. *Judd*, 14 Minn. 300, (394;) *County of Mille Lacs* v. *Morrison*, 22 Minn. 178; *Greenleaf* v. *Egan, ante* p. 316.

BERRY, J. 1. This is an action for an accounting for property taken and held in trust by defendant for plaintiff; also, for a partition of a part of such property, and the appointment of a receiver to effect the same. It is, therefore, an equitable action, and properly triable by the court without a jury. If it embraced any distinct issue which defendant desired and was entitled to submit to a jury, he should have asked for its submission specifically, as he did not. *Greenleaf* v. *Egan, ante,* p. 316.

2. The plaintiff was the real party interested in the subject of the action, and therefore entitled to maintain the same in her own name. In fact, she would seem to be the only party who could maintain it, for her alleged trustee (her father) was dead, and it does not appear that any person had succeeded to his trusteeship.

3. The court below finds that, in the course of certain transactions relating to property held by defendant in trust for plaintiff, defendant received certain bonds—a one-fourth interest in which defendant "held in trust" for plaintiff; that defendant had sold four of the bonds for cash; and that plaintiff was entitled to her proportionate share of the sums received for them, with interest on the same from the times when such sums were respectively received. The defendant, expressly admitting in his brief that the judgment was entered by a computation of interest according to the finding, insists that the finding was wrong, in that interest should have been computed only from the time when the money received for the bonds was demanded. We do not agree to this. It does not lie in the defendant's mouth to deny that it was his duty to pay or offer to pay to plaintiff her proportionate share of the money realized from the sale of the bonds as soon as he received it. If he recognized the trust, this duty followed as a matter of inference. If he repudiated the trust, and accordingly appropriated the money to his own use, it was a conversion. In either event he should make good the loss ensuing to plaintiff, by paying her interest from the time when she was entitled to the money.

Judgment affirmed.