### KNOBELOCH v. GERMANIA &c. BANK.

1. BANK—CHECKS—TRUST—CALENDARS.—In action to hold a bank responsible for moneys drawn out by an executor on his check as executor, on funds to his credit as such, with knowledge by the bank that it was his purpose to misappropriate the amount of his withdrawal to his personal uses, the bank would be liable only by reason of its collusion with a breach of trust towards the *cestuis que trust;* and such issue being in chancery, the proper docket for the case was Calendar 2.

2. ADMINISTRATOR DE BONIS NON—FRAUD OF HIS PREDECESSOR.—An administrator *de bonis non cum testamento annexo* cannot maintain an action to invalidate a completed transaction between the executor, his predecessor in office, and a bank, even upon allegation of a fraudulent misuse of funds of the estate by such executor with the knowledge and collusion of the bank.

3. PLEADINGS—ISSUES—MATTER NOT CONSIDERED BELOW.—The court will not hold that plaintiff, by failing to object by demurrer or answer, had waived its right to question plaintiff's legal capacity to sue, where the defendant had notified plaintiff in writing of its intention to demur orally to the complaint at the hearing, on the ground that it did not state facts sufficient to constitute a cause of action, and where the point here raised was not made nor considered on Circuit.

4. STATUTES—RULES OF COURT.—Can a rule of court contravene the rights secured to suitors by statute?

Before WITHERSPOON, J., Charleston, June, 1894.

Action by Jacob Knobeloch, administrator *de bonis non cum testamento annexo* of William Knobeloch, senior, deceased, against the Germania Savings Bank of Charleston, commenced January 31, 1894. The complaint was as follows:

The plaintiff, Jacob Knobeloch, administrator *de bonis non cum testamento annexo* of the last will and testament of William Knobelock, sr., deceased, complaining of the defendant herein, alleges:

First. For a first cause af action.

I. That the defendant Germania Savings Bank of Charleston, South Carolina, is, and was at the times hereinafter mentioned, a corporation duly chartered under the laws of the State of South Carolina, and carrying on a banking business in the said city of Charleston, in the State aforesaid.

II. That on or about the 26th day of September, 1880, William Knobeloch, sr., departed this life, leaving in force his last will and testament, bearing date the 19th day of November, 1874, and that the said last will and testament subsequent to the decease of the said William Knobeloch, sr., to wit: on the 6th day of October, 1880, was duly proved in common form before Honorable W. E. Vincent, judge of probate in and for the County of Charleston, and on the same day Jacob Small and William Knobeloch, jr., the executors nominated therein, duly qualified thereon, and assumed upon themselves the burden of the administration of the estate of the said William Knobeloch, sr., decased.

III. That on or about the 29th day of May, 1890, William Knobeloch, jr., one of the said executors, departed this life, leaving surviving his coexecutor, Jacob Small, who continued the administration of the estate of the said William Knobeloch, sr., deceased, as the survivng executor thereof.

IV. That the said Jacob Small, anterior to the 7th day of February, 1891, to wit: from the        day of        , 1874, continuously and up to the date of his decease, on or about the 5th day of December, 1893, was a director and president of the defendant corporation, Germania Savings Bank of Charleston, South Carolina, and was charged with and exercised the general supervision of the affairs of said bank.

V. That the executors of William Knobeloch, sr., deceased, anterior to and on the 7th day of February, 1891, had on deposit in the Germania Savings Bank of Charleston, South Carolina, *inter alia*, the sum of $7,728.48, said amount belonging to the estate of the said William Knobeloch, sr., and forming a part thereof, and being the property of the *cestuis que trust* thereunder, who were parties other than Jacob Small, all of which defendant well knew.

VI. That on or about the 7th day of February, 1891, Jacob Small, then being a director and president of the Germania Savings Bank of Charleston, South Carolina, directed the said bank to pay over to him and did take from the said defendant bank the sum of $2,000, the property of the estate of the said William Knobelock, sr., deceased, as aforesaid, and then in-

tended to and did misappropriate and convert the same to his own use, and not to the use of the said estate of the said William Knobeloch, sr., as aforesaid, all with the knowledge of the said defendant, the Germania Savings Bank of Charleston, South Carolina, and the said misappropriation and conversion did not become known to any of the *cestuis que trust* of the estate of William Knobeloch, sr., deceased, entitled to said fund, until on or about January 19th, 1894.

VII. That the said plaintiff, Jacob Knobeloch, on or about the 19th day of January, 1894, duly qualified as administrator *de bonis non cum testamento annexo* of the last will and testament of William Knobeloch, sr., deceased, and letters of administration on said estate were granted to him on the same day by the Honorable A. G. Magrath, probate judge for Charleston County, State aforesaid, and he thereupon undertook the burden of the administration of the same.

VIII. That on or about the 29th day of January, 1894, this plaintiff made demand upon the defendant for the payment to him, as administrator *de bonis non cum testamento annexo* of the last will and testament of William Knobeloch, sr., deceased, of the said sum of $2,000, with interest from the 7th day of February, 1891, and the said defendant refused to pay the same, or any part thereof.

The second cause of action was precisely the same as the first, except that it alleged that "anterior to, up to, and on the 28th day of February, 1891, had on deposit in the Germania Savings Bank of Charleston, S. C., *inter alia*, the sum of $5,728.48, said amount belonging to the estate of the said William Knobeloch, sr., and forming a part thereof, and being the property of the *cestui que trust* thereunder, who were parties other than Jacob Small, all of which defendant well knew;" and that said Jacob Small drew out the said $5,728.48, and converted the same to his own use. The prayer of the complaint was as follows:

Wherefore the plaintiff demands judgment against the defendant for the sum of $7,728.48, together with interest on $2,000 thereof from the 7th day of February, 1891, and with interest on $5,728.48 thereof from the 28th day of February, 1891, and his costs and disbursements herein.

The answer was as follows:

The defendant above named, the Germania Savings Bank of Charleston, S. C., answering the complaint herein:

First. For a first defence to the first cause of action.

I. The defendant admits the allegations of paragraphs I., II., III., and IV. of the first cause of action of the complaint herein.

II. This defendant, in answer to paragraph V. of the first cause of action of the complaint, admits that the executors of William Knobeloch, sr., deceased, anterior to and on the 7th day of February, 1891, had on deposit in the said the Germania Savings Bank of Charleston, S. C., *inter alia,* the sum of $7,728.48, but it alleges that the said deposit was made and entered on its books to the credit of Jacob Small and William Knobeloch, executors of the estate of William Knobeloch. It denies that it had any knowledge or information sufficient to form a belief, or any knowledge whatever, as to whom the said money belonged, except as indicated by the said deposit credited as aforesaid. And this defendant denies every other allegation of said paragraph V. not specially answered by this paragraph of this answer.

III. As to the allegations contained in paragraph VI. of the first cause of action of the complaint herein, this defendant admits that on or about the 7th day of February, 1891, Jacob Small was a director and president of this defendant, and it alleges that the said Jacob Small, as surviving executor of the will of the said William Knobeloch, sr., drew of the said amount on deposit in the said the Germania Savings Bank of Charleston, S. C., as stated in the last preceding paragraph of this answer, the sum of $2,000, which was then and there paid to him, but this defendant denies that the said Jacob Small, as president or director of the said the Germania Savings Bank, directed the said bank to pay over to him the said sum of $2,000. This defendant denies that it had any knowledge or information sufficient to form a belief, or any knowledge whatever, as to whom the said money belonged, except as indicated by the said deposit account, and not only denies any knowledge or information sufficient to form a belief as to whether or not the said Jacob Small then intended to misappropriate and convert the same to his own use and not to the use of the said estate of William

Knobeloch, sr., but denies that it knew, or had any reason to suspect, when said money was drawn out and paid as aforesaid, that said Jacob Small intended to misappropriate and convey the same to his own use and not to the use of the said estate of William Knobeloch. This defendant has no knowledge or information sufficient to form a belief as to whether or not any misappropriation and conversion of the said money by the said Jacob Small, as alleged in said paragraph VI. of said first cause of action of the complaint, was made, and as to when such misappropriation and conversion, if any such there has been, became known to any of the *cestui que trusts* of the estate of William Knobeloch, sr., deceased. And this defendant denies each and every other allegation of said paragraph VI. of said first cause of action of the complaint not hereinbefore in this paragraph of this answer specifically answered.

IV. This defendant admits the allegations of paragraphs VII. and VIII. of the first cause of action of the complaint.

Second. For a second defence to the first cause of action. [The first four paragraphs are a repetition of the above.]

V. This defendant further answering, alleges, on information and belief acquired since the commencement of this action, as follows, to wit: That the last will and testament of William Knobeloch, sr., mentioned in paragraph II. of the first cause of action of the complaint, is as shown by the copy thereof hereto annexed, marked exhibit A, and made a part of this answer. That Joseph Knobeloch, mentioned in said last will and testament, predeceased the testator, William Knobeloch, sr., deceased, unmarried, intestate, and without issue; that a partition and division of the estate of said William Knobeloch, sr., was made by his said executors some time previous to the 5th day of February, 1891, and during the lifetime of said William Knobeloch, jr., one of the said executors, wherein and whereby the said executors set apart one-third of said testator's estate, according to the direction of said testator's will, for Susan Knobeloch, his widow, and divided the remaining two-thirds thereof into four equal shares, paying over, transferring, and delivering one of said shares to William Knobeloch, jr., one of said shares to Jacob Knobeloch, and one of said shares

to John Knobeloch, and retaining the other one share, holding the same in trust for Fredericka Ostendorff on the trusts set out in reference to her share in the will of said testator. And this defendant further alleges, on information and belief acquired since the commencement of this action, that a part of the said one-third of the estate of said testator, William Knobeloch, sr., so set apart for Susan Knobeloch, consisted of certain money on deposit to the credit of the said Jacob Small and William Knobeloch, executors of estate of William Knobeloch, in said Germania Savings Bank of Charleston, South Carolina; that on or about the 29th day of May, 1890, the said William Knobeloch, jr., one of the sons and also one of the executors as aforesaid of said testator, William Knobeloch, sr., died, leaving his last will and testament, whereby he appointed his wife, Eliza G. Knobeloch, sole executrix, but, in case of her marriage, appointed Jacob Knobeloch and Jacob Small executors thereof, which said last will and testament of the said William Knobeloch, jr., was admitted to probate before the judge of probate for Charleston County aforesaid on 4th June, 1890, when said Eliza G. Knobeloch qualified as executrix thereon; that upon the death of the said William Knobeloch, jr., the said Jacob Small, having survived him, under the power contained in the said last will and testament of William Knobeloch, sr., by an instrument of writing, dated 5th February, 1891, a copy of which is hereto annexed, marked exhibit B, and made a part of this answer, substituted Jacob Knobeloch as trustee of Fredericka Ostendorff, under said will, in place of William Knobeloch, jr., deceased; that the said Susan Knobeloch, widow of William Knobeloch, sr., died on or about 29th November, 1890, whereupon, in the months of January and February, 1891, said Jacob Small, then surviving executor of the said last will and testament of said William Knobeloch, sr., made a partition of the said one-third of the estate of said William Knobeloch, sr., and which consisted in part of said money on deposit in said bank as aforesaid, paying one-fourth part of said money to said Jacob Knobeloch, one-fourth part thereof to said John Knobeloch, and deposited one-fourth part thereof to his credit as Jacob Small, surviving executor under the will of William

Knobeloch, sr., which said deposit is still in said bank undrawn, and for which deposit the bank book is in the possession of the said Eliza G. Knobeloch, who claims the said deposit as executrix of William Knobeloch, jr. And this defendant alleges, that on the 7th day of February, 1891, the said Jacob Small, as surviving executor as aforesaid, drew out of said bank $2,000, as hereinbefore mentioned, of the amount remaining to the credit of said account in said bank with said executors of William Knobeloch, sr., as aforesaid, and on the 28th day of February, 1891, drew out of said amount $5,728.48, the balance thereof; that this defendant has no knowledge or information sufficient to form a belief, nor any information whatever, as to whether the said sum of $2,000 was misappropriated and converted by said Jacob Small, as alleged in the complaint, or was paid by him to such of the parties as were entitled thereto under said last will and testament of said William Knobeloch, sr. And this defendant further alleges, on information and belief, that said John Knobeloch died on or about the          day of          , 1893, leaving his last will and testament, which was duly admitted to probate before the probate judge for Charleston County aforesaid on January 21st, 1893, when Jacob Knobeloch, executor therein named, qualified as such. And this defendant further alleges, that said Jacob Small died on or about the 5th day of December, 1893, leaving his last will and testament, which was duly proved before the judge of probate for Charleston County on the 11th day of December, 1893, and that letters of administration, with the will annexed, were issued by said judge of probate to Rudolph Seigling on 4th January, 1894. That the said Jacob Knobeloch, individually and as executor of John Knobeloch, and as trustee of Fredericka Ostendorff under the said will of said William Knobeloch, sr., the said Eliza G. Knobeloch, as executrix of the will of said William Knobeloch, jr., and said Rudolph Seigling, as administrator of the will of Jacob Small, are necessary parties to this action.

Third. For a first defence to the second cause of action:

I. This defendant admits the allegations of paragraphs I., II., III., and IV. of the second cause of action of the complaint.

[The two defences to the second cause of action are precisely the same as the defences to the first cause of action, except as to the amount of deposit and withdrawal alleged in the second cause of action.]

*Messrs. Buist & Buist,* for appellant.

*Messrs. Simons, Seigling & Cappelmann,* contra.

February 27, 1895. The opinion of the court was delivered by

MR. JUSTICE POPE. This action was commenced on the 31st January, 1894, and came on for trial, under a written stipulation between the parties, at chambers, before his honor, Judge Witherspoon, on the 14th June, 1894, in the city of Charleston, in this State. The first question submitted to the Circuit Judge for decision was: Is the action one in chancery, and if so, should it be placed on Calendar 1 for trial? The Circuit Judge held that it was an action in chancery, and, therefore, that it should be placed on calendar 2, and not on Calendar 1, for trial. The next question submitted to the Circuit Judge was: Does the complaint state facts sufficient to constitute a cause of action? The Circuit Judge held that it did not, and dismissed the complaint. From the two orders in writing made by Judge Witherspoon on these two questions, the plaintiff has appealed on these seven grounds: 1. Because his honor erred in holding that the pleadings show a case in chancery. 2. Because his honor erred in ordering this action stricken from Calendar 1 and placed on Calendar 2. 3. Because his honor erred in holding that the plaintiff, in his complaint, does not state facts sufficient to constitute a cause of action against the defendant. 4. Because his honor should have held that the plaintiff could maintain this action as administrator *de bonis non cum testamento annexo.* 5. Because his honor erred in sustaining defendant's oral demurrer and dismissing the complaint. 6. Because his honor erred in not holding that the defendant had waived the right to question plaintiff's legal capacity to sue, having failed to do so by written demurrer or to make it in his answer. 7. Because his honor erred in not holding that defendant's demurrer, on the

ground that the complaint does not state facts sufficient to constitute a cause of action, was defective, because it failed to state wherein the pleading objected to is insufficient.

In order that our decision of the matter involved in this appeal may be understood, it will be necessary in the report of this case that the complaint and answer shall be reported in full. This being done, it will be readily seen that, stripped of the verbiage necessary to the pleadings whereby the issues are carefully presented on both sides, the plaintiff in his representative character of administrator *de bonis non cum testamento annexo* of William Knobeloch, sr., deceased, seeks to recover from the defendant the sum of $2,000 paid to one Jacob Small, as surviving executor of the last will and testament of the said William Knobelock, sr., deceased, on his check therefor, from funds then on deposit to his credit as said executor in the defendant bank, on the 7th February, 1891, and, also, the further sum of $5,728.48 paid to said Jacob Small as surviving executor of said last will and testament of William Knobeloch, sr., deceased, on his check therefor, from funds then on deposit to his credit as said executor in the defendant bank, on the 28th day of February, 1891, upon the ground that both of said payments, made as aforesaid, were while the said Jacob Small was the president and a director of said defendant bank, and that the defendant knew at the time such two payments were made that the said Jacob Small intended to and did misappropriate and convert the said funds deposited by him in his name as executor as aforesaid, to his own use and not to the use of the estate of his said testator; and with the further knowledge on the part of said defendant bank that said funds so deposited by the said Jacob Small as executor as aforesaid were the property of certain *cestuis que trust* under the said will of William Knobeloch, sr., deceased, and of which said *cestuis que trust* the said Jacob Small was not one. That knowledge of these checks and the misapplication of the proceeds thereof only came to such *cestuis que trust* about on 19th January, 1894; that Jacob Small departed this life on or about the 5th day of December, 1893; that the plaintiff was appointed administrator *de bonis non cum testamento*

*annexo* of the said William Knobeloch, sr., deceased, on or about the 19th day of January, 1894, by the Probate Court for Charleston County, in this State. The defendant, by its answer, denies its liability to pay said two sums of money or any part thereof. Amongst other things, it alleges who are the *cestuis que trust* under the will of the said William Knobeloch, sr., deceased, and states who is the executor of the will of Jacob Small, who died testate.

The plaintiff, conceiving that his action was one which, under the law, was triable before a jury, placed the same on Calendar 1, which is the appropriate calendar for such causes. The defendant objected to the action being placed on Calendar 1 for trial by jury, alleging that it was alone cognizable by a Court of Chancery. The judge below concurred in the latter view. Was this error? We think not, and will briefly indicate the grounds of our conclusion. When the executors of the last will and testament of Wm. Knobeloch, sr. (of whom Jacob Small was one), placed on deposit, as such executors, in the defendant bank the sum of $7,728.48, under the decisions of the court of last resort in this State (*Fogarties & Stillman* v. *State Bank*, 12 Rich., 518, *Simmons &c. Co.* v. *Bank of Greenwood*, 41 S. C., 177), there arose an implied contract between the defendant bank and said executors, or the survivor of them, that such defendant bank would pay all checks drawn by such executors in such amounts and to such persons as may be mentioned in such checks, as long as there remained to the credit of such executors on such account an amount sufficient to pay such checks. This statement as to this implied contract of the defendant bank is made substantially as a quotation from the latter case at pages 188 and 189.

If this proposition of law is sound, and under the authority of the two cases just cited we hold it to be sound law in this State, there could be no liability in law, as distinguished from equity, upon the defendant bank for paying the checks of the depositing executor. If the payment of such check by the defendant bank could create any liability, it must be for a breach of some trust owed by the bank to the *cestuis que trust* under

William Knobeloch's last will. It is this liability, arising from some breach of some such duty or trust alone, which the plaintiff here seeks to enforce. This can alone be done in a Court of Chancery. The action, therefore, was not triable of right by the plaintiff before a jury. It should not have been placed on Calendar 1, but on Calendar 2. If we had reached a contrary conclusion, we would have been obliged to hold, of necessity, that the order or judgment sustaining the demurrer must be reversed, whether we agreed with the Circuit Judge or not; but having held that the Circuit Judge was right in ordering the action from Calendar 1 to Calendar 2, we will now inquire into the second proposition of error—namely, that the Circuit Judge erred in sustaining the demurrer.

Is the plaintiff the successor in office of Jacob Small? What office does the plaintiff hold? Clearly he has been appointed to execute the will of William Knobeloch, sr., deceased. His very appointment, and his character before the court, is administrator with the will annexed of William Knobeloch, deceased. That will is as much the chart for his guidance and control as it would have been had he been named as executor by the testator. When it is remembered that in this case it is by the death of Jacob Small, who was the surviving executor nominated by the testator in and by his will, and who by his death before he fully executed that trust, the plaintiff has become associated with the estate of William Knobeloch, sr., deceased, there can be no other conclusion than that the plaintiff is the successor in office of Jacob Small, now deceased. Jacob Small must have been of necessity his predecessor. Such being our conclusion, the next inquiry is, can the plaintiff as such successor in office of Jacob Small maintain in his representative capacity this action to invalidate a complete transaction between his predecessor in office, Jacob Small, and the defendant bank? We hold that he cannot. The two cases in our State (*Johnston* v. *Lewis*, Rice Ch., 40; *Steele* v. *Atkinson*, 14 S. C., 154,) are conclusive of this contention.

In the former case, it was announced on circuit and affirmed on appeal, that the complainants, Johnston and Wall, who had succeeded Mrs. Martha G. Pickett as the administratrix of the

estate of James R. Pickett, deceased, could not invalidate a transaction of the first administratrix, Mrs. Pickett, with the defendant, Lewis, in that case, because of a fraudulent collusion between them; that Mrs. Pickett herself as such administratrix could not have done so; and that all "acts binding upon a predecessor are equally binding upon a successor." And the court, in that case, pointedly held that if the first administratrix, Mrs. Pickett, had, in collusion with the defendant, Lewis, committed a fraud upon the rights of the creditors or distributees of the estate of James R. Pickett, deceased, a right of action existed in the creditors or distributees to assail it, but that on so doing the administrators must be made parties; also, in the second case (*Steele* v. *Atkinson*), when the decision of the Supreme Court was announced by the present chief justice, he said: "It appears to us that the plaintiff in the outset encounters an insurmountable obstacle which effectually prevents him from maintaining this action. He, as administrator *de bonis non*, is seeking to set aside a transaction between his predecessor and a debtor of the estate upon the ground of a fraudulent collusion between them. He is not asking that the estate be protected from a fraud practiced upon his predecessor, the former administrator, but the ground of his complaint is that such preceding administrator himself fraudulently colluded with the debtor to the prejudice of the estate. The case of *Johnston* v. *Lewis*, Rice Ch., 40, conclusively shows that the plaintiff cannot maintain the action."

In the case at bar, the complaint is exhibited by the administrator *de bonis non cum testamento annexo*, and not by any one of the *cestuis que trust* under the will of William Knobeloch, sr., deceased, nor by any creditor of said testator. The demurrer should have been sustained, unless we can discover merit in the somewhat technical grounds to be now noticed.

In the sixth ground of appeal it is suggested that his honor, the Circuit Judge, ought to have held that the defendant had waived the right to question plaintiff's legal capacity to sue, having failed to do so by written demurrer, or to make it in its answer. We think that the stipulation in writing entered into before any hearing before Judge With-

erspoon took place, plays an important part just here. This is its language: "The above entitled action having been placed upon Calendar No. 1 of the Court of Common Pleas for Charleston County. * * * 2. The defendant has given notice to the plaintiff of its intention to demur orally to the complaint in this action, on the ground that it does not state facts sufficient to constitute a cause of action. It has, therefore, been agreed and is hereby agreed by the attorneys for plaintiff and the attorneys for defendant herein, that the several matters hereinbefore mentioned and enumerated, be heard at chambers by his honor, Judge I. D. Witherspoon, now in the 1st Circuit, and the said plaintiff and defendant by their respective attorneys, by this stipulation consent to such hearing at chambers, with the same rights of appeal to the said parties, plaintiff and defendant, respectively, as if the said hearing was had in open court." Signed by Messrs. Buist & Buist for plaintiff, and Messrs. Simons, Seigling, and Cappelmann, defendant's attorneys. It seems to us if notice in writing had been required, this would be sufficient. It does not appear that this question was raised before the Circuit Judge. It is too late now.

The seventh exception imputes error to the Circuit Judge in not overruling the demurrer because the grounds thereof were not distinctly specified. It does not appear that this question was raised before the Circuit Judge. He certainly did not pass on it, and hence we are not required to do so. But we might say in passing that we seriously question the validity of any rule of court that seems to contravene the rights of suitors secured by statutes, and should such a question occur, we prefer to leave ourselves free to consider and decide it after a full argument.

Having thus passed upon the different grounds of appeal, we might dismiss the subject at this point. The court feels its obligation to respond with a careful attention to the arguments and authorities cited in support of the same, and we do not know where an abler exposition of the views of both sides of a cause has been made than has appeared in the hearing of this appeal. But when we are satisfied that our own decisions furnish an answer to questions presented, we prefer to adhere to

them, and this statement must serve as an explanation of our failure to comment on very many of the cases cited in the arguments on both sides of the case at bar.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.