EDGAR M. BRIGGS, In Equity *vs.* ALFRED L. CHILDS et als.

Androscoggin.    Opinion January 8, 1923.

*The delivery of notes by a person in expectation of death to another person, with*
*instructions, in the event of death, that such notes are to be cancelled, absolutely*
*surrendering all title and control over such notes, subject only to revocation in*
*the event donor should recover, constitutes a valid gift causa mortis to*
*such person in trust for the makers of the notes.    No party is*
*entitled to a jury trial as a matter of right in an equitable pro-*
*ceeding to enforce a trust.*

A short time before her decease Flora M. Frost of Litchfield intrusted certain
promissory notes to Edgar M. Briggs who was named executor of her will
which had been previously executed.    A single Justice hearing the case has
found that the transaction was intended to be, and that it took effect as a gift
causa mortis to the makers of the notes and directed that the notes be cancelled
and surrendered to such makers.

*Held:*

That the finding is conclusive and the ruling right.

In a cause in equity to enforce a trust no party can claim a jury trial as a right.

If upon the theory of the party entitled to prevail, there is no full, adequate and
complete remedy at law, equity has jurisdiction.

The suit was properly brought by the plaintiff individually.    The notes are not
held by him as executor.    The plaintiff is a trustee within the purview of the
law and holds the notes in that capacity.

On appeal.    An equitable proceeding to determine the disposition
of certain promissory notes delivered to complainant by Flora M.
Frost, on entering a hospital on September 8, 1920, for a serious
operation, with instructions that in the event of her death, the notes
were to be cancelled by complainant.    Of the three defendants,
A. L. Childs was interested as an indorser on some of the notes, and
also as a stockholder in a corporation which was the maker of several
of the notes, the other two defendants were interested as residuary
legatees in the will of the said Flora M. Frost, who died testate
November 23, 1920, at the hospital.

One of the defendants, A. L. Childs, contended that the transaction constituted a gift causa mortis, the other two defendants, although one was the maker of two of the notes, claimed that the notes were a part of the assets of the estate. Upon a hearing on bill, answers, replications and proof, after a motion that the defendants be ordered to interplead was overruled, the sitting Justice found that there was a gift causa mortis of the notes in controversy and ordered them cancelled by complainant and delivered to their respective makers, from which finding an appeal was taken by the two defendants who were the residuary legatees in the will. Appeal dismissed. Decree affirmed.

The case is stated in the opinion.

*Edgar M. Briggs, pro se,* for plaintiff.

*George C. Wing and George C. Wing, Jr.,* for Alfred L. Childs.

*Frank A. Morey,* for Henry E. Frost and Florence A. Frost.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DEASY, J. Bill by trustee for instructions. In September 1920, Flora M. Frost of Litchfield, being very ill, entered the Central Maine General Hospital at Lewiston for a surgical operation. She at that time caused certain promissory notes owned by her to be delivered to the plaintiff who had previously drafted her will and was named therein as executor. Miss Frost remained in the hospital until her death which occurred in November. The principal issue of fact is as to whether any and what instructions were given by her to the plaintiff respecting the disposal of the notes. The Justice hearing the cause found in substance that Miss Frost gave the plaintiff express instructions to cancel the notes "if I do not come back." The Justice further found "that the deceased intended to and did absolutely surrender all title and control over the notes delivered to Mr. Briggs subject only to revocation if she returned alive from the hospital, and that she acted in expectation of death." Thereupon the Justice ruled "that the transaction constituted a valid gift causa mortis to the plaintiff in trust for"—the makers of the notes. The decree directs that the notes be cancelled and delivered to the makers.

The findings of fact are in this case conclusive and the legal ruling clearly right.

It is contended however, that the appeal should be sustained for the following reasons:

(1) That the issues of fact should have been submitted to a jury, such submission having been prayed for in the bill. But in a cause in equity to enforce a trust "a subject within the jurisdiction of courts of full equity jurisdiction long before the adoption of our constitution," while the Justice hearing the cause may in his discretion ask the advice of a jury, no party can claim a jury trial as a right. *Farnsworth* v. *Whiting,* 106 Maine, 435.

(2) That there was a full, adequate and complete remedy at law. True if the defendant's contention as to the facts be adopted. But the Justice hearing the cause found the plaintiff's theory to be true, to wit:—that he received the notes with instructions to cancel them "if I do not come back," an obvious euphemism meaning if I shall die at the hospital. She died at the hospital. The plaintiff's duty was to cancel the notes, a duty which equity alone can establish and enforce.

(3) That the suit should have been brought by the plaintiff not individually but as executor of the will of Flora M. Frost. Not so. The facts as found by the Justice are that the plaintiff after the death of Flora M. Frost held the notes not as her executor, not as part of her estate but as trustee to cancel them, and thus give effect to her intent to make a gift causa mortis to the makers of the notes.

(4) Not disputing that this court having jurisdiction over trusts and full equity jurisdiction may entertain bills by trustees for instructions, the defendant contends that the plaintiff is not a trustee within the purview of the law. The defendant presents no theory as to the capacity in which the plaintiff holds the notes. Whatever may have been the relation of the parties prior to the death of Miss Frost, the plaintiff since her death has not held the notes as agent, attorney or bailee. We think that he may fairly be treated as a trustee entitled to maintain this bill for instructions.

> *Appeal dismissed.*
> *Decree affirmed.*