[No. 21178.   Department Two.   October 11, 1928.]

E. G. ROSENKRANZ, *Respondent*, v. YAKIMA VALLEY BANK & TRUST COMPANY, *Appellant*.[1]

[1]Reported in 271 Pac. 85.

*Hugó F. Luhman* and *Snively & Bounds,* for appellant.

*Harcourt M. Taylor,* for respondent.

BEALS, J.—This and the case of *Stuhr v. Yakima Valley Bank & Trust Co., ante* p. 400, 271 Pac. 82, are companion cases and have been considered together, this case presenting certain points not urged in the *Stuhr* case, to the opinion in which reference is made for a statement of the issues common to both cases and for our decision of such issues.

Plaintiff purchased fifteen hundred dollars worth of the bonds issued by Pacific Ice and Cold Storage Company, a corporation, being a portion of the same issue referred to in the *Stuhr* case, *supra;* and alleges in the first cause of action stated in his amended complaint practically the same facts alleged by Nora Stuhr in her complaint in the action above referred to; plaintiff in this case also states a second cause of action based upon the purchase by E. W. Wight of a five hundred dollar bond of the same issue, and the assignment by Mr. Wight to plaintiff of his claim against defendant.

Defendant filed its second amended answer and cross complaint, alleging the same defenses urged in

the *Stuhr* case; and also filed its supplemental answer pleading the statute of limitations. The plea of the statute of limitations was overruled by the trial court, and the case proceeded to trial before a jury which returned a verdict in favor of the plaintiff for two thousand dollars, being the full amount sued for on the two causes of action set forth in plaintiff's amended complaint. Defendant's motions for judgment in its favor notwithstanding the verdict, or, in the alternative, for a new trial, were overruled and judgment entered against defendant upon the verdict, from which judgment defendant appeals.

Appellant urges that the plaintiff's action is barred by Rem. Comp. Stat., § 165, which provides that

"An action for relief, not hereinabove provided for, shall be commenced within two years after the cause of action shall have accrued."

Whether this action comes within subd. 2, § 157, Rem. Comp. Stat., as "an action upon a contract in writing, or liability express or implied arising out of a written agreement," which action must be commenced within six years, or within subd. 3 of § 159 (stating the actions which must be commenced within three years) and is "an action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument," it is not necessary for us to decide; as we conclude that this action falls within one or other of the classifications referred to, and as it was commenced within three years from the time the cause of action accrued, is not barred.

The deposition of respondent was read upon the trial of the action, he being absent from the state at that time and his deposition having been previously taken, upon notice, in the manner provided by law.

The court refused to consider certain objections by appellant's counsel to portions of respondent's testimony, as contained in his deposition, upon the ground that the objections, not having been noted at the time the deposition was taken, had been waived. These objections were based upon the alleged irrelevancy, incompetency and immateriality of the testimony to which objection was made, and the court was in error in refusing to entertain the objections upon the reason assigned. If, at the taking of a deposition upon formal notice, a party deems a question objectionable by reason of its form, that objection must be noted at the time so that the attention of opposing counsel be called to the matter and an opportunity afforded him to revise the form of his question, if he deems the objection well taken. This is not the rule, however, as to objections to the competency, relevancy or materiality of questions, and such objections are not waived by failure to make them at the time the deposition is taken (18 C. J. 687), but may be urged at the trial, when the deposition is read in evidence.

We are unable to find, however, that the admission by the court of the testimony complained of constitutes reversible error. It was either entirely immaterial, and manifestly not prejudicial, or concerned matters which were not in dispute. The court instructed the jury clearly upon the only issue in the case; that is, whether or not appellant had been guilty of negligence in making the payment on the prior mortgages on the trust property before it had sufficient money in its hands to pay this indebtedness in full and make appellant's trust deed and mortgage a first lien. This being the only issue submitted to the jury by the court, the testimony complained of by appellant cannot be said to have been prejudicial, and

its admission does not call for a reversal of the judgment.

Appellant complains of certain questions propounded to its trust officer, who was called as a witness on behalf of respondent, its objections to which were overruled. This witness was, of course, adverse to respondent, and the court was liberal in allowing respondent to examine this witness concerning matters of custom and procedure. The questions propounded were well within the issues, and we find no reversible error therein.

Error is also predicated upon the refusal of the court to give certain instructions requested by appellant. We conclude that the issue of appellant's liability or non-liability to respondent was properly submitted to the jury under appropriate instructions, and that the court did not err in refusing to give the instructions requested by appellant.

Finally, appellant complains of certain remarks made by respondent's counsel in his argument to the jury. While some of the arguments advanced by counsel for respondent were probably not strictly within the issues as limited by the pleadings and the testimony, we cannot say that the arguments advanced were so improper as to call for the reversal of the judgment and the granting of a new trial. The trial court denied appellant's motion for a new trial after argument and consideration, and we do not feel that this ruling should be disturbed.

The judgment appealed from is affirmed.

FULLERTON, C. J., MAIN, and ASKREN, JJ., concur.