[No. 21207. Department Two. October 11, 1928.]

NORA STUHR, *Respondent*, v. YAKIMA VALLEY BANK & TRUST COMPANY, *Appellant*.[1]

[1]Reported in 271 Pac. 82.

*Hugo F. Luhman* and *Snively & Bounds,* for appellant.

*Richards, Gilbert & Conklin* and *D. V. Morthland,* for respondent.

BEALS, J.—Pacific Ice & Cold Storage Company, a corporation (hereinafter referred to as the Pacific Co.), was operating its plant in the city of Toppenish, and, being desirous of floating a bond issue in the sum of twenty thousand dollars, issued its bonds aggregating that amount and executed a trust deed and mortgage, covering practically all its property, to the defendant, which agreed to act as trustee and as such accepted delivery of the bonds issued by the Pacific Co. At the time of this transaction, the property of the Pacific Co. was mortgaged to State Savings & Loan

Association to secure a considerable sum, and was also subject to certain taxes and assessments. Each of the bonds issued by the Pacific Co. bore, in large type, the legend "8% First Lien Gold Bond," and contained the following paragraph:

"The payment of principal and interest on said bonds is secured by deed of trust duly executed under date of February 15th, 1923, recorded in the office of the Auditor of Yakima County, Washington, made by Pacific Ice and Cold Storage Company to The Yakima Valley Bank, as Trustee, conveying the following described property in Yakima County, to wit:

"Lots 11, 12, 13 and 14 in Block 14 of Gilbert's Second Addition to Toppenish, according to the recorded plat thereof on file and of record in the office of the County Auditor of Yakima County, Washington,

together with the warehouse, plant and other structures now upon said property and the other tenements, hereditaments and appurtenances thereunto belonging;"

"All rights of action, as well as all other rights of the holder of said bond, are subject to the provisions of said deed of trust, reference to which is hereby made.

"This bond shall not become valid until certified by said Trustee on the back hereof, to be one of a series of bonds described herein and secured by said Deed of Trust;"

and the entire issue was delivered to defendant for sale to the public at large.

Plaintiff, in her complaint, alleges that she purchased certain of these bonds, of the total face value of thirty-three hundred dollars, which amount she paid therefor. She further alleges that the defendant wrongfully failed to retain the purchase price of the bonds so sold to plaintiff until sufficient money should accumulate in the hands of defendant to pay off the existing first mortgage on the property of the Pacific

Co., together with the taxes, liens and encumbrances thereon, and that defendant disbursed the proceeds of the bonds which it sold to plaintiff without taking care to see that the mortgage given by the Pacific Co. to defendant to secure said bonds became a first lien against the property of the mortgagor.

Plaintiff further alleges that the State Savings & Loan Association foreclosed its mortgage against the property of the Pacific Co., the same having been paid only in part, and caused such property to be sold at sheriff's sale, the property being lost to the Pacific Co. and the bondholders; that the Pacific Co. became insolvent, and that as the result plaintiff's bonds became worthless, to her damage in the sum of thirty-three hundred dollars and interest.

Defendant in its answer admitted that it became trustee under a trust deed and mortgage from the Pacific Co. and pleaded affirmatively that it disbursed the money coming into its hands from so much of the bond issue as was sold on account of the preexisting mortage against the Pacific Co.'s property, together with taxes and assessments which were then liens thereon. Defendant in its answer further alleged that other of such bonds had been purchased by different parties, and defendant prayed that all of such parties be impleaded and required to set up any claim which they might respectively have on account of the purchase of any of the bonds hereinabove referred to.

When the case was called for trial, plaintiff's counsel, in his opening address to the jury, stated that it was plaintiff's contention that defendant had no right to disburse any of the money that came in from the sale of the bonds until defendant could make the trust deed to it securing the bonds a first lien upon the property covered thereby. The action was tried to a jury upon this theory, the trial resulting in a verdict for

plaintiff for the full amount claimed, upon which verdict judgment was entered and from which judgment defendant appeals.

Appellant assigns as error that the trial court held that plaintiff was entitled to a trial by jury as a matter of right and overruled appellant's contention that the action was equitable in its nature, not triable to a jury. Appellant further contends that the court erred in permitting the plaintiff to maintain an individual suit against defendant and in not requiring all persons similarly interested to be impleaded in the one action. Certain other errors are assigned which will be referred to in the course of this opinion.

Appellant argues that the action is equitable in its nature, not triable to a jury, and that the trial court committed reversible error in ruling that respondent was entitled, as matter of right, to a jury trial. Respondent contends that the appellant was under certain legal obligations arising out of the relation between appellant as trustee and respondent as a bondholder, and that this action is a simple action at law for damages for breach of duty on the part of appellant.

In our opinion the court properly ruled that the action, on demand of either party, should be tried to a jury. This is not an action to enforce a trust or for an accounting, nor to establish a resulting trust, nor does respondent seek to establish any claim to trust property or to impress any specific property with any lien in her favor. She asks only for a money judgment and that upon a liquidated claim.

Of the cases cited by appellant, *Miller v. Washington County,* 143 Tenn. 488, 226 S. W. 199, refers to the administration of a trust fund; *Shelton v. Harrison,* 182 Mo. 404, 167 S. W. 634, was an action brought to establish a resulting trust in land; *Carlyle v. Foster,*

10 Ohio St. 198, was brought for the enforcement of a trust and for an accounting by the trustee; *Judd v. Dyke,* 30 Minn. 380, 15 N. W. 672, was an action for an accounting; while *Briggs v. Childs,* 122 Me. 175, 119 Atl. 205, was a suit brought to enforce a trust. These, together with other cases cited, which hold that actions to establish or declare a trust or charge a defendant as trustee and require him to account, or to administer a trust fund, are equitable in their nature and not triable to a jury, are not in point here.

In the case of *Knobeloch v. Germania Sav. Bank,* 43 S. C. 233, 21 S. E. 13, the court uses language which apparently supports appellant's position. This was an action instituted by an administrator *de bonis non* with the will annexed against a banking corporation, in which the plaintiff alleged that his predecessor, as surviving executor of the will of the decedent, was a director and president of the defendant bank in which bank the estate had on deposit a considerable sum; that, with the knowledge of defendant bank of his fraudulent purpose, plaintiff's such predecessor, as executor, withdrew from the defendant bank funds of the estate and converted the same to his own use. The suit, therefore, amounted to an attempt to recover from the defendant money which plaintiff's predecessor, as executor, had misappropriated pursuant to a fraudulent conspiracy between himself and defendant which amounted to a breach of trust on the part of defendant. The supreme court of South Carolina held that the complaint in the action then before the court for consideration attempted to state a cause of action in equity for breach of trust, and that the action sought to be stated was equitable in its nature and not triable before a jury as matter of right. After so ruling, the court concludes that the complaint failed to state facts sufficient to constitute a cause of action and

affirmed the ruling of the lower court in sustaining a demurrer thereto and dismissing the action. The action was evidently one for relief on the ground of fraud and was properly held equitable in its nature.

This court in the case of *Dunlap v. Seattle National Bank*, 93 Wash. 568, 161 Pac. 364, held that an action by a trustee in bankruptcy, in which the plaintiff sought to recover as property of the bankrupt money which he alleged the defendant had procured by fraudulent conspiracy with the bankrupt and which would necessarily involve an accounting, was for that reason equitable in its nature and not triable to a jury. The court assumed that a second cause of action, in which the plaintiff sought to recover deposits received by the defendant from the bankrupt during four months prior to the adjudication of bankruptcy, was an action at law, and, consequently, if standing alone, would be triable to a jury. The ruling that the first cause of action referred to was equitable in its nature was based on the fact that an accounting was necessary; and, of course, if one cause of action was equitable and not triable to a jury, equity would assume jurisdiction of all causes of action stated in the complaint, whether at law or otherwise.

In the case of *Welch v. Northern Bank & Trust Co.*, 100 Wash. 349, 170 Pac. 1029, which was an action against a trustee somewhat similar to the cause now before us, we held that the lower court had improperly granted a motion for nonsuit, and that an action for damages was stated in the complaint and *prima facie* established by the plaintiff's testimony.

In view of our holding that the action stated by respondent is one at law for damages, it follows that the court properly refused to implead other bondholders or to limit plaintiff's recovery to the amount

actually received by defendant out of the money paid by plaintiff for the bonds.

Appellant complains of the fact that the court allowed respondent to introduce testimony concerning the condition of the Pacific Co.'s plant, the testimony to which appellant objects indicating that the plant was in poor condition, that the machinery therein was obsolete, etc. This testimony was properly admitted as having some bearing upon the question of whether or not defendant was negligent in paying out the money paid by respondent on account of the existing encumbrances against the Pacific Co.'s property before receiving from the sale of the bonds sufficient funds to pay all of the existing encumbrances against such property, as the condition of the plant would affect the value of the bond issue secured thereby and consequently affect its marketability. We conclude that no reversible error was committed by the trial court in permitting the introduction of this testimony.

Appellant further contends that the court erred in refusing to admit in evidence a contemporaneous agreement between the Pacific Co. and the appellant. This agreement fixed the money compensation of appellant as trustee and provided that all of the bonds should be duly executed and certified and held by appellant until it should receive the full face value thereof, less brokerage, and that the proceeds of the bonds should then be used to pay off and discharge liens, taxes and assessments upon the Pacific Co.'s property so that the deed of trust to appellant should become a first and prior lien thereon. Appellant argues that this agreement shows that it had protected the bondholders by providing that all of the bonds should be held in its possession and none thereof delivered to the mortgagor or other persons

except in exchange for the full purchase price thereof. In our opinion the offered evidence was immaterial to the issue to be tried, to wit: whether or not respondent suffered damage by reason of the wrongful acts of appellant in paying out the proceeds of the bonds sold to respondent before sufficient money was realized from the bonds to make them a first lien on the property by which they purported to be secured. The exhibit offered could not have enlightened the jury upon this question.

Finally, appellant argues that the testimony was not sufficient to entitle respondent to a verdict against appellant. We conclude that the testimony is sufficient to support the verdict and the judgment entered thereon. Appellant was an active trustee within the rule laid down by this court in the case of *Welch v. Northern Bank & Trust Co., supra.* It accepted for sale to the public at large the bonds of the Pacific Co., each entitled "8% First Lien Gold Bond," the bonds containing the statement, above quoted, to the effect that the payment of principal and interest was secured by a deed of trust. Appellant understood the entire situation and knew that these bonds were not a first lien; and, in so far as the deed of trust was concerned, the bonds were secured thereby only as subject to a large amount of prior indebtedness. Notwithstanding these facts, appellant, knowing that only approximately twenty-five per cent. of the bonds were sold and paid for, disbursed the proceeds of the bonds sold by paying the same on account of the indebtedness against the Pacific Co.'s property, leaving a large amount still due, with the result that the entire security was lost, the Pacific Co. became hopelessly insolvent and the bonds became worthless.

The facts pleaded and the evidence introduced on the trial were sufficient to take the case to the jury

upon the question of appellant's liability to respondent, the issues were fairly stated to the jury by the court in its instructions, and we find no error in the record which entitles appellant to a reversal of the judgment rendered.

The judgment is affirmed.

FULLERTON, C. J., MAIN, and ASKREN, JJ., concur.

[1]Reported in 271 Pac. 85.