.JULIA F. GREENLEAF *vs.* PETER F. EGAN.

March 19, 1883.

**Joinder of Legal and Equitable Causes of Action— Mode of Trial— Demand for Jury.** —Whether the issues presented by a complaint shall be tried by a jury, when the demand for it is made before the trial commences, is to be determined upon the complaint itself, and the character of the case subsequently made by the evidence cannot affect the decision upon the demand. A motion by defendant for judgment on the pleadings cannot be granted on the ground that the complaint assumes to set forth an equitable cause of action, but fails to state some fact essential to such cause of action, provided a cause of action of any character is set forth in it. Nor can a motion by him, when plaintiff rests, for a dismissal be granted on the ground that the cause of action set forth in the complaint requires a trial by the court, and the one proved requires a trial by jury, if the one proved is within the allegations of the complaint.

**Principal and Agent— Conversion—Accounting.**—Where the action is by a principal against his agent, and the complaint charges specific acts of conversion of the principal's property, and also makes out a case for and demands an accounting, if the court finds that the defendant did convert, and did not account for specific items of property, it may order judgment for the values of those items, though it do not state the entire accounts between the parties.

**Error without Prejudice.**—Application of the rule that error which cannot affect the result will be disregarded.

Evidence *held* sufficient to sustain the findings of fact.

Appeal by defendant from an order of the district court for Ramsey county, *Simons*, J., presiding, refusing a new trial after a trial by the court without a jury.

*O'Brien & Wilson* and *Geo. B. Young*, for appellant.

*Geo. L. & Chas. E. Otis*, for respondent.

GILFILLAN, C. J.   In this case, prior to the commencement of the trial, the defendant demanded a jury trial of the issues, without specifying any particular issues.   That motion made at that time had to be decided upon the pleadings; and the character of the case made by

them, and the charact r of the case subsequently made by the evidence, of course, could not affect the decision upon it.

The allegations in the complaint of conversion of specific items would, if there were nothing else in the case, make it what would formerly have been an action at law and properly triable by a jury. But there are also allegations which make it an action by a principal against an agent, for a discovery and accounting,—and the complaint demands an accounting,—which formerly were matters of equitable cognizance, and now triable by the court without a jury. The case may, therefore, be regarded as one where causes of action triable by a jury and causes of action triable by the court are united. In such case, to secure a jury trial of the issues properly triable by jury, the proper mode is by a demand, not that all the issues in the case, but that the specific issues proper for a jury, shall be so tried. Defendant made no such demand and he cannot be heard now to complain. As his demand was for what he was not entitled to—to wit, that all the issues be tried by a jury—it was rightly denied.

Defendant's motion for judgment on the pleadings, and also the motion to dismiss made when plaintiff rested, were properly denied. Those motions appear to have been made on the theory, as to the former, that if the complaint assumes to set forth an equitable cause of action, and some facts essential to such a cause of action be wanting, although a legal cause of action be set forth, the defendant is entitled to judgment; and as to the latter, that if the cause of action set forth in the complaint be equitable, and, when plaintiff rests, there be some fact wanting in the proofs to make the cause of action equitable, the court ought, on defendant's motion, to dismiss the action, although a legal cause of action may have been proved. The theory is entirely inadmissible. When the facts alleged in the complaint show the plaintiff entitled to relief, whether legal or equitable in its nature, he has a right to a trial of those allegations, unless his admissions have deprived him of the right. And, generally, before entering upon the trial, the only occasion the court has to decide whether the cause of action be legal or equitable, is for the purpose of determining the mode of trial. When the proofs make out, within the allegations of the complaint, a cause of action, legal or equitable,

though it be not of the character given it by the entire complaint, the plaintiff has a right that the cause be retained and tried, and the proper relief upon the facts proved administered. If the complaint set forth a cause of action triable without a jury, and the proofs within its allegations show a cause of action triable only by a jury, the defendant may then be entitled to demand a trial by jury, though as to that we do not, as we have no occasion to in this case, decide. The principal reason for uniting in one court legal and equitable jurisdiction was to avoid the inconvenience and practical injustice, which often occurred when courts of law and of equity were separate, of a plaintiff being dismissed out of court, not because he had no cause of action, but because he had mistaken its character.

Whether the court erred in excluding the question to defendant as to a purpose to cheat or defraud plaintiff in making in the books arbitrary entries of cash received from sales of goods testified to by him, is rendered immaterial by the finding of the court that the entries referred to were not arbitrarily made, but that they truly represented cash received by him for goods actually sold. What he might testify as to his intent in doing a thing which the court finds he did not do, could have no effect on the result.

There is certainly evidence reasonably tending to establish each of the facts found by the court below. Though it be conceded that the evidence against was stronger than that in favor of the findings, the preponderance is not so great as to justify us, within the rules of decision always acted on by this court, in setting aside the findings.

The court having found that defendant had appropriated to his own use and not accounted for certain items of money and goods, it was proper for it to order judgment for the amount and values thereof, without basing its order on a general statement of the accounts between the parties. If a full statement of the accounts would show that the defendant had accounted for the items found against him, it was for him to show it.

Order affirmed.