CHARLES E. BOND, Administrator, v. F. H. WELCOME.[1]

61  43
70  436

61  43
f79 354

May 6, 1895.

Nos. 9323—(240).

**Order of Reference—When Proper.**
> A cause of action, the trial of which will, as disclosed by the complaint, involve an accounting and the adjustment of complicated accounts between parties sustaining fiduciary relations, one to the other, is of equitable cognizance, and the court may order a compulsory reference thereof.

**Same—Appeal.**
> An order directing a compulsory reference of an action is not appealable. Distinguishing the case of St. Paul & S. C. R. Co. v. Gardner, 19 Minn. 99 (132).

Appeal by plaintiff from an order of the district court for Yellow Medicine county, Powers, J., referring the case to a referee. Affirmed.

*W. A. McDowell,* for appellant.

*D. A. McLarty* and *A. J. Volstead,* for respondent.

START, C. J. The plaintiff appeals from an order made by the court below referring, against his objections, all the issues of the case to a referee, to hear, try, and report a judgment.

1. If this is an action at law for the recovery of money only, the plaintiff is entitled absolutely to a trial by jury, although it involves the examination of a long account on either side, for the

[1] Reported in 63 N. W. 3.

constitution guaranties to him this right.    St. Paul & S. C. R. Co.
v. Gardner, 19 Minn. 99 (132).    But if the action is equitable in
its nature, which, in a jurisdiction where law and equity are ad-
ministered in separate courts, a court of equity would take cog-
nizance of, the plaintiff is not entitled to a jury trial, and the court
had a right to make a compulsory reference; for in such cases,
at the time of the adoption of the constitution, there was no abso-
lute right of trial by jury.    Fair v. Stickney Farm Co., 35 Minn.
380, 29 N. W. 49.    Is the action an equitable one? is the only
question, then, in the case.    It is such an action if the trial of it
will involve the taking and adjustment of complicated accounts be-
tween parties sustaining fiduciary relations, or, in other words,
if it is an action for an accounting.    In the last case cited it was
held that the nature of the action and the issues to be tried, whether
legal or equitable, might be determined by the pleadings.

The pleadings in the case at bar, especially the answer, clearly
disclose a case which is one of equitable cognizance, to be tried by
the methods pertaining to courts of equity.    We do not, however,
rest our decision in this case upon the proposition that the plead-
ings show that the action is an equitable one, but upon the ground
that the complaint discloses it to be such a one.    It is true, the
prayer of the complaint is for the recovery of money only, but this
is not controlling as to the nature of the action; for, if the amount
for which judgment is demanded can only be ascertained by an ac-
counting between the parties, it is an equitable one.    The first
supposed cause of action in the complaint, standing by itself, is,
if anything, strictly a legal cause of action.    It is alleged therein
that the plaintiff's intestate borrowed from the defendant $3,700,
and gave to him her promissory notes for this amount, and that
he paid her $153.15 less than the full amount; but in the second
cause of action the amount she was indebted to him "on account
of the indebtedness set out in the first cause of action" was in-
cluded in her estimated aggregate indebtedness of $6,680, which
forms the subject-matter of this second cause of action.    It is fur-
ther alleged that, for the purpose of providing for this entire esti-
mated indebtedness, she gave to the defendant her promissory notes
for the amount thereof, and secured the payment thereof by a
chattel mortgage upon certain property and the crops to be raised

on her farm during the then coming season; and in consideration of this security he promised her to pay her entire indebtedness, and if it exceeded such estimated amount she was to repay the excess, but if it was less she was to be given credit for the amount. In legal effect, he received the security in trust to pay her debts, and to account to her for any surplus. Now, if she never received the $153.15, the subject-matter of the first supposed cause of action, it was included in the $6,680 which was secured by the chattel mortgage; and she was entitled to be credited for it in the settlement and adjustment of the matters growing out of the estimated aggregate indebtedness, and the security for the same, set forth in the second cause of action. So, in like manner, the matters alleged in what is designated the third cause of action are a part of the second cause of action. Whether or not the chattel mortgage therein referred to, and by virtue of which the defendant sold the property alleged to have been converted to his use, was valid, depends upon the result of an accounting between the parties in reference to the matters alleged in the second cause of action. There is but one cause of action stated in the complaint, and that is an equitable one, to compel the defendant to account for a balance realized from the security received by him in trust to pay the debts of the plaintiff's intestate. If there is any doubt of this proposition, on the face of the complaint, the admissions of the reply solve it, and make it clear that this is an equitable action.

2. Upon the argument, counsel for respondent claimed that the order in this case is not appealable, but intimated that a decision upon the merits was desired. In view of the fact that the plaintiff may have taken this appeal in reliance upon what was said in the case of St. Paul & S. C. R. Co. v. Gardner, supra, we deemed it best to dispose of the case on its merits. But we are of the opinion —and so decide—that an order directing a compulsory reference is not an appealable order. Such an order is analogous to an order of the court refusing a trial by jury because it is of the opinion that the case is one for trial by the court. In neither case can the trial before the court or referee be suspended, and an appeal taken. Such orders are not appealable, but are reviewable (a distinction sometimes overlooked) on an appeal from an order denying a motion for a new trial, or from the judgment. What was said to

the contrary in the case referred to is obiter dictum, for the appeal in that case was from an order denying a motion for a new trial; and the question was, not whether an order of compulsory reference was appealable, but whether it was reviewable on the appeal from the order denying a motion for a new trial, and it was held that it could be so reviewed.    The appeal in this case is not authorized by G. S. 1894, § 6140, subsec. 3.    We are not unmindful of the fact that in practice, with the seeming approval of this court, the provision of this statute has been made a veritable stalking-horse, behind which appeals from all kinds of intermediate orders have crept into this court, resulting in vexatious delays in the trial of the actions on the merits, and in adding to the burdens of the court.    But by no fair construction of this statute can it be made to authorize this appeal, for the order relates, not to the merits of the action, but to the procedure upon its trial; that is, whether it shall be tried by a jury, or the court by its referee.

Order affirmed.