JOHN A. NORDEEN v. C. M. BUCK.

May 4, 1900.

Nos. 11,966—(66).

**Right to Jury Trial.**

> *Held,* upon a review of the pleadings in this case, wherein a contractor sues to recover for work and labor, as well as for materials furnished, that he was, as a matter of right, entitled to a jury trial.

Same.

> In an action for the recovery of money only, requiring no equitable relief, either party is entitled absolutely to a trial by jury, although such trial involves the examination of a long account. St. Paul & S. C. R. Co. v. Gardner, 19 Minn. 99 (132), followed.

Action in the district court for Rice county to recover $2,708.50, and interest, under a contract. The case was tried before Buckham, J., and a jury, which rendered a verdict in favor of plaintiff for $2,056.60. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*A. D. Keyes* and *T. H. Quinn,* for appellant.

*Peterson & Kolliner,* for respondent.

LOVELY, J.

This is an action brought by the plaintiff to recover the unpaid balance due him for the construction of a valuable building in the city of Faribault, under a written contract wherein he, as contractor, agreed with defendant to erect such building. In the first cause of action in the complaint it is claimed that plaintiff was to have, on the fulfilment of this contract, a specific sum of money, for labor and material. The second cause of action is for amount due on hardware furnished by plaintiff in the construction of the house. The third cause is for extra work, and the fourth cause is for damages for an alleged failure of defendant to perform his part of the contract at the proper time. In the answer payments were pleaded; performance of defendant's obligations alleged, as well as averments of changes in the contract, etc.; also allegations of the existence of liens for the material which were claimed to be unpaid, but which are not now disputed. There was a demand for a money judgment, and we learn, from statements of counsel, that the whole controversy was over the amount actually due from defendant to the plaintiff, as contractor, upon the claims above briefly stated.

At the opening of the trial the defendant demanded a trial by the court, claiming that the complaint and answer required the investigation of a long account, and that it was the duty of the court to withdraw this case from a jury, and hear it as the court, for

79 M.—23

that reason. This demand the court refused, placing its refusal distinctly upon the ground that this was a case in which plaintiff was entitled to a jury trial, and that without his consent, which was not given, the court had no right to determine the issues, and deprive the other party of his constitutional right of trial by jury. This is the only error relied upon by defendant, who was defeated in the court below.

We have no doubt the trial court was right in refusing to withdraw the cause from the jury. The action was somewhat complicated, with quite a number of disputed claims for labor and material, all issues of fact to be determined, although none of them matters of an equitable character, but purely of such a nature as would, under the common-law practice, have been submitted to a jury, and as expressed by Start, C. J., in Bond v. Welcome, 61 Minn. 43, 63 N. W. 3:

In "an action at law for the recovery of money only, the plaintiff is entitled absolutely to a trial by jury, although it involves the examination of a long account on either side, for the constitution guaranties to him this right,"—citing St. Paul & S. C. R. Co. v. Gardner, 19 Minn. 99 (132).

Judgment affirmed.