GERTRUDE H. BATES v. A. E. JOHNSON COMPANY.

May 4, 1900.

Nos. 11,972—(45).

### Removal of Judgment Lien—Findings.

In an action to remove a judgment lien from lands owned by plaintiff, but standing in the name of a judgment debtor of defendant, findings examined, and *held* to support the conclusions of law.

### Title to Land—Notice to Attorney of Creditor.

While the time for answer is running, notice to the attorney of the judgment creditor, of the fact that lands standing in the name of the judgment debtor belong to the plaintiff, is imputable to the judgment creditor.

Estoppel.

Upon the facts in this case, *held*, that plaintiff is not estopped from asserting her right to the lands by the fact that she did not cause them to be transferred upon the record before the judgment against White was entered.

Action in the district court for St. Louis county to remove the lien of a judgment from land. The case was tried before Ensign, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Horton & Denegre,* for appellant.

*John Jenswold, Jr.,* for respondent.

LEWIS, J.[1]

This action was brought by plaintiff to remove the lien of a judgment recovered by defendant against one White from certain lands the title to which stood in the name of White, but which in fact it is claimed belonged to plaintiff, of which fact the defendant had notice. Judgment was ordered for the plaintiff, and defendant appeals from an order denying its motion for a new trial.

In substance, the court found that plaintiff was the wife of William J. Bates; that on December 15, 1896, the lands in question were the absolute property of William J. Bates, and that the title thereto stood in his name; that on that day Bates and wife conveyed the lands to White, which deed was recorded December 21, 1896; that on December 13, 1896, White executed a warranty deed of the lands to plaintiff, which deed was recorded on December 3, 1898; that from December 21, 1896, until December 3, 1898, the legal title stood in White, but he had no interest whatever in the same; that defendant, on October 5, 1898, commenced an action against White and his partner, Staberg, for the recovery of money, in which action judgment was entered by default on October 27, 1898; that the attorneys for defendant in that action were Phelps & McManus, duly licensed and doing business at Duluth; that after the commencement of the action, and before the entry of judgment therein, Bates, on behalf of plaintiff, informed Phelps, one of the attorneys, that a lot of his land stood in the

[1] BROWN, J., absent, took no part.

name of White, and asked Phelps what to do about it, to which Phelps replied that he could have it transferred before judgment would be entered; that Bates neglected to place the deed from White to plaintiff on record until after the judgment was entered. As a conclusion of law the court found that plaintiff was at the time of the commencement of the action the owner of the lands, and that the judgment was not a lien thereon.

Defendant insists that certain findings are inconsistent, and that the facts found do not support the conclusions of law. It is claimed that finding No. 5, to the effect that White had no title or interest in the lands, although the title stood on the record in his name, is inconsistent with No. 4, which finds that for a valuable consideration White conveyed to plaintiff; that is, if White deeded for a valuable consideration, he must have parted with something he owned. There is nothing in this whatever. It is evident from a glance that the words "valuable consideration" have reference only to the form of the deed, and not to an actual consideration. The findings in this case serve as a sample of the haste with which attorneys often prepare this important part of their work. Evidence, conclusions, and ultimate facts are all intermingled. While the findings are open to this criticism, and furnish the defendant material for an argument as to their sufficiency, we find the main ultimate facts are determined with sufficient definiteness, and no serious question is raised as to the sufficiency of the evidence to support them. The conclusions of law are supported by the findings of fact. The notice to the attorney who had the case in charge was notice to the defendant. The attorney was employed to proceed against White, and to place the claim in judgment. His authority was in no manner restricted, and it was his duty to inform his principal of all facts coming to his knowledge affecting his action as agent. The fact that the attorney had been informed that a lot of his land stood in White's name, which Bates was concerned about having transferred, was a matter directly bearing upon the effect of the judgment which the attorney was expecting to enter. Lebanon Sav. Bank v. Hollenbeck, 29 Minn. 322, 13 N. W. 145. See also opinion in Trentor v. Pothen, 46 Minn. 298, 49 N. W. 129.

But it is claimed that the finding as to the statement of Bates to Phelps was not specific and definite enough to put defendant upon notice. This part of the finding, when read in connection with the context, shows that Bates was referring to his own land, and that Phelps so understood it. It is also claimed that the plaintiff, through her husband, was guilty of laches in not placing the deed from White to plaintiff upon the record before the judgment was entered, and hence is estopped from taking advantage of his own wrong. But the doctrine of estoppel has no application to the facts. There is no evidence that defendant changed its course of action, or that it was in any manner injured or misled, by reason of the neglect to record the deed. If defendant knew, just before entering the judgment, that the lands appearing on the record in White's name were in fact not White's, it knew the same fact after the judgment was entered.

Order affirmed.

