ELMORE SHIPLEY v. LOUIS H. BOLDUC.[1]

December 9, 1904.

Nos. 14,116—(47).

**Partnership—Accounting.**

    Where it appears upon the face of a complaint in a suit for a balance claimed to be due from one alleged partner by the other that an investigation and accounting of the firm matters is necessary, such suit is of equitable cognizance, and is properly triable to the court.

**Court Calendar.**

    Where a case has, under the rules of the district court, been placed upon the jury calendar by counsel, the court is not concluded by this designation, but may, before the beginning of the trial, order the same tried to the court, if its character requires that disposition.

**Evidence.**

    In this suit, which was tried to the court, *held*, that the evidence sustains the findings of fact, and authorized the findings for defendant.

Action in the district court for Hennepin county to recover from defendant $3,036.77 claimed by plaintiff to be the balance of his share of partnership profits arising from certain contracts for bridge construction performed by plaintiff and defendant. The case was tried without a jury, against plaintiff's objection, before Elliott, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

    *Chas. G. Laybourn* and *Caldwell & Smith,* for appellant.
    *Lancaster & McGee* and *George E. Fortin,* for respondent.

LOVELY, J.

    This suit was tried to the court, and upon findings of fact judgment was directed for the defendant. There was a motion for new trial, which was overruled. Plaintiff moved to set aside the order of the court and for a new trial, which was refused. From this order plaintiff appeals.

    [1] Reported in 101 N. W. 952.

The numerous assignments of error involve the sufficiency of the evidence to support the findings of fact and the refusal of the trial court to submit the issues therein to a jury.

The complaint alleges that in the spring of 1901 plaintiff and defendant formed a copartnership under the firm name of Bolduc & Shipley for the purpose of contracting for and constructing certain railroad bridges and culverts in Illinois and Nebraska, the profits therefrom to be shared equally between the partners, and that under this arrangement two contracts were entered into in behalf of the firm; that work was done thereunder, and the contracts completed; that defendant had charge of the financial part of the business, and made the settlements under the contracts, and, as was claimed, fraudulently represented to the plaintiff that they were to have and did receive certain specified sums for doing the work thereunder, amounting in the aggregate to a designated amount; that there were necessarily paid out stated disbursements in performance of the work; that the net profits were a sum stated paid to the plaintiff, but, further, that the defendant was to and did receive a larger sum per thousand feet for the bridge and construction work than was represented by such defendant to his copartner, the plaintiff, which he concealed and retained for his own use; that a settlement on this basis was made, wherein the excess was withheld and fraudulently appropriated to his own use by defendant, in violation of the partnership agreement. The plaintiff's prayer for judgment concluded with a demand for a specific sum of over $3,000.

The defendant's answer denied the partnership, and alleged that both contracts were taken by defendant in his own name, and upon his own responsibility; that he sublet the bridge and culvert work and a portion of the first contract at an agreed price, without any reference to the price defendant was to receive; also that he sublet in the same manner the second contract; that he had duly settled with plaintiff in accordance with the real understanding between the parties. The new matter was put in issue by reply.

Under the rules prevailing in Hennepin county district court, where the cause was tried, it was required that notes of issue were to be filed with the clerk for the general term, which should contain a statement showing whether the issue was for the court or jury, and that all

motions should be heard the first day of the term. Under this rule the cause was designated by plaintiff's attorney in a note of issue as a jury cause. It was so set for trial on the first day of the November term, 1903. Defendant's counsel moved to have it transferred to the court calendar, upon the ground that it was not a jury case. This motion was granted in the absence of plaintiff's counsel, but the latter took no steps to have the court's action reconsidered until the cause was reached for trial, and then demanded a jury trial, which was refused. The court proceeded against plaintiff's objection to try the issue, regardless of his demand for a jury, which presents the principal question of law contested and argued on this appeal.

It seems very clear to us that the issues set forth in the complaint present an essential requirement for an accounting between the alleged partners, and as such was of equitable cognizance, and triable to the court. The decisive test whether an action is triable to the court or to a jury is to be determined upon an examination of the complaint (Bond v. Welcome, 61 Minn. 43, 63 N. W. 3; Bates v. A. E. Johnson Co., 79 Minn. 354, 82 N. W. 649), and, if such action is of an equitable character, which would, under our procedure, be triable to the court, it would be error to submit it to a jury (Berkey v. Judd, 14 Minn. 300 [394]). Where an accounting has been had and a balance struck between the partners, an action may be brought for the amount thus agreed upon, when the right of the plaintiff to have the cause tried to a jury is unquestionable.

But in this case the asserted allegation of the partnership by plaintiff, the alleged fraud and concealment upon which the settlement was made as set forth in the complaint, notwithstanding the denial of the partnership in the answer, might require not only an examination of the relations between such partners, but also an accounting of the amounts due thereunder as well. Our procedure has not, in this respect, changed the rule that such matters are of equitable jurisdiction, and are required to be heard and determined by the court. Pomeroy, Rem. & Rem. Rights (2d Ed.) § 104; Berkey v. Judd, supra; Holyoke v. Mayo, 50 Me. 385; Hanks v. Baber, 53 Ill. 292.

While, under the rule of the Hennepin county district court, the attorney who caused the note of issue to be filed might therein designate the forum where the case, upon his understanding, should be

heard, such designation must, of course, be a proper one, or subject to correction if it erred in this regard; hence whether the plaintiff was notified of the action of the court in changing its place on the calendar, or whether the refusal to order a trial by jury was technically regular, is immaterial if the suit was considered and determined in the appropriate forum, which, as we must hold, was done in this instance.

The objections to the findings of the court involve the sufficiency of the evidence to sustain the same, and it is only necessary, in disposing of these assignments, to say that the conclusions reached by the trial court are not so palpably against the weight of evidence that we are justified in reversing its order denying a new trial.

Order affirmed.