### JOHN A. TODD v. WILLIAM J. BETTINGEN.[1]

May 25, 1906.

Nos. 14,761—(82).

**Breach of Contract—Statute of Frauds.**

>   An agreement was made by one person to transfer certain stock in one elevator company to another, in consideration of the transfer by that other to him of certain stock in a different elevator company, and also of a certain elevator on a railroad right of way in North Dakota, together with its site, under the agreement with the railroad company by virtue of which that elevator was constructed and operated. There was a mutual delivery of stock in accordance with this agreement. The second party to the agreement failed to transfer the elevator and its site. In an action brought on this state of facts, it is *held:*
>
>   1. That the proceeding was in fact one at law for damages for breach of contract, in which no equitable relief should have been granted.
>   2. That the agreement with the railway company concerned an interest in land and a lease for more than one year, and was void under the statute of frauds.
>   3. That the contract was entire and indivisible, and being void in part was void in whole.
>   4. That no action for damages lay for its breach.

Appeal by plaintiff from an order of the district court for Hennepin county, Dickinson, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

[1] Reported in 107 N. W. 1049.

*Wilson & Mercer,* for appellant.

*Harris Richardson* and *Harold C. Kerr,* for respondent.

JAGGARD, J.

In this case the plaintiff and appellant and the defendant and respondent owned two elevator companies. In consequence of negotiations between them the plaintiff agreed in North Dakota to transfer his stock in the one elevator company to the defendant, in consideration of the transfer by the defendant to him of the defendant's stock in the other company and of the additional transfer to him through the defendant of a certain elevator situated on a railroad right of way in Dresden, North Dakota. Pursuant to that agreement the stock held by each party, respectively, was transferred to the other; but defendant never transferred nor secured a transfer of the elevator at Dresden.

Upon a complaint setting forth these facts, and pleading in haec verba the North Dakota statutes pertaining to warehouses constructed on rights of way of railroads, the statutes defining real and personal property, and the agreement with the railroad by virtue of which the elevator was located on the right of way, the plaintiff prayed for a money judgment. The answer, admitting substantially the allegations of the complaint, set forth the statute of frauds in force at the time mentioned in North Dakota, providing that contracts for a lease for a longer period than one year and for the sale of real property or an interest therein shall not be valid, unless the same or some memorandum thereof is in writing and subscribed by the party to be charged or by his agent, and asserted the consequent invalidity of the agreement between the parties to this action. The reply denied the new matter of the answer and pleaded other statutes.

The case was tried by the court and a jury. The court directed a verdict for the defendant. From an order refusing a motion for judgment on behalf of plaintiff or for a new trial, this appeal was taken.

1. The plaintiff insists that the complaint was drawn and the trial conducted upon three theories, namely:

a. That the defendant had placed himself beyond his ability to perform, but that if any part of the contract was such as to come within

the statute of frauds to make it necessary for specific performance, a court of equity could find and adjudicate the facts and damages.

b. That the elevator was personalty, and the damages for failure to transfer the same were the principal damages in the case, and not a matter needing specific performance, unless the court should hold to the contrary, in which case the facts were sufficiently pleaded to allow damages to be assessed by the court.

c. That if there was no relief to be granted on account of damages for failure to transfer either the elevator or permit by way of either equity or law, then plaintiff was entitled to be placed in statu quo or to recover the value of the stock he had given as a payment made by him for what he had not received.

The court, however, as appears in its memorandum, held that the amended complaint laid no grounds for equitable relief. "On the face of the pleadings [the plaintiff] was not entitled to specific performance. Title in the property was not vested in the defendant, and never had been. Said complaint itself alleges the title to the property to be in the hands of strangers, viz., the Federal Elevator Company; and as for a rescission and a recovery of the consideration parted with by the plaintiff, to place him in statu quo, the allegations of said complaint did not place him in a position to ask it. It seems to me that the plaintiff was very properly relegated to his legal rights, if any he had. He was at liberty to choose the theory upon which to try out those rights. He chose to pursue these by way of obtaining damages for a breach of the contract. It was on this line that the action was tried before the undersigned as a straight action at law. It was not presented nor tried in any respect as a suit in equity. It did not stand before the court as a case retained in equity to assess damages where equitable relief was found impossible. Nor was the case tried as an action for money had and received. The proof would not permit of a recovery on that theory."

After examination of the pleadings and of the testimony as a whole, we are convinced that the trial court properly regarded this as a trial of an action at law for the recovery of damages. One of the considerations leading to this conclusion is this: The summons attached to the original complaint prayed judgment for $14,000, with interest. The amended complaint, however, concluded as follows:

That the consideration paid for the said elevator in the said stock by plaintiff was more than $4,000, and for the said permit was more than $10, and that by reason of the said breach of the said contract the said defendant has injured and damaged this plaintiff in the sum of $4,010, and that no part thereof has ever been paid. Wherefore plaintiff prays the judgment of this court for judgment against the said defendant for the sum of $4,010, with interest thereon at the rate of six per cent. per annum from April 26, 1900, together with the costs and disbursements of this action.

This, then, being an action at law for the recovery of damages only, it is unnecessary to here consider the merits of plaintiff's contention as to his right to specific performance, or to specific performance as to part with compensation for the residue, or as to his right to any other equitable relief. This view of the case also disposes of the argument of defendant that the trial court could not, by its decision, take away from the plaintiff all remedy in law for this wrong under the constitution of the United States or of this state. All that is to be decided here is the plaintiff's right to prevail in an action for damages.

2. The agreement to transfer the elevator and the agreement with the railroad company under which it was constructed were void under the statute of frauds. The relevant portion of the statute of frauds in force in North Dakota, which is admitted in the pleadings, is substantially the historical statute generally in force throughout the United States. The testimony showed that the elevator was constructed pursuant to an agreement between the railway company and a private individual, who held the title for the elevator company, by which it gave the right to occupy a described piece of land from January 1, 1899, until certain notices were given. Under the agreement the occupant could not be put out for at least eighteen months after that time. The individual on his part agreed to build and equip a certain elevator, and in fact had built it, before the agreement between these parties to this action was made. The elevator was so built that it was necessary to cross the railroad right of way, three hundred feet wide, to get to it. One legal effect of the agreement with the railroad company was to burden the land upon which the elevator stood with a

servitude. It created an easement and conferred the right of ingress. and egress over the land owned by the railroad company. It constituted an interest in the land and a lease for a period of more than one year, the transfer of which is void unless in writing.

3. The final question is whether the contract is an entire and indivisible one, and therefore, being void in part, is void in whole. It is entirely plain from a reading of the testimony that this contract was entire. The elevator and its site and certain stock were given in exchange for other stock. The plaintiff refused to trade even and to make the exchange for certain other elevators suggested by the defendant. In a similar case involving a contract to purchase and sell several shares in mill sites and privileges and also wood and timber, the court held that the two subjects could not be separated and that the contract being void in part was totally void. "A. sells to B. an acre of land and a number of horses for $500, all by one entire parol contract. The horses are delivered and the money paid. The counsel says the title to the horses passes. Not so, I apprehend; for, the contract as to the land being void, the whole is void. A. may reclaim his horses, or their value, and B. may recover back his $500." Thayer v. Rock, 13 Wend. 53. And see De Beerski v. Paige, 36 N. Y. 537; Crawford v. Moorell, 8 Johns. 195; Jackson v. Evans, 44 Mich. 510, 7 N. W. 79; Clark v. Davidson, 53 Wis. 317, 10 N. W. 384; Ellis v. Carey, 74 Wis. 176, 42 N. W. 252, 4 L. R. A. 55, 17 Am. St. 125; In re Kessler's Estate, 87 Wis. 660, 59 N. W. 129, 41 Am. St. 74; Pond v. Sheean, 132 Ill. 312, 23 N. E. 1018, 8 L. R. A. 414; Grant v. Grant, 63 Conn. 530, 29 Atl. 15, 38 Am. St. 379. The contract, then, being void in part and being an entire and indivisible contract, was void in whole. No action for damages lies for breach of contract.

Order affirmed.

On June 15, 1906, the following opinion was filed:

PER CURIAM.

In his petition for reargument, the appellant, among other things, asks this court to grant him a reasonable stay to permit the preparation of the necessary papers to take the said case to the supreme court of the United States. This application is based upon the proposition that

the decision of the trial court, affirmed by this court, in refusing plaintiff's claim that he was entitled, under section 1 of article 14 of the amendments to the constitution of the United States, to have the proper remedy awarded him for his property, violated said constitutional provision, because the state of Minnesota thereby made and enforced laws which abridged his privileges and immunities as a citizen of the United States, deprived him of his liberty and property without due process of law, and denied to him within its jurisdiction the equal protection of the law.

This point was fully made by the counsel in his brief and upon argument. It is referred to in the opinion, but is now stated at length for the benefit of appellant. In view of this application, it seems proper to state our reasons and view of the question involved at some length. What this court held in this case was that there had been a trial and a determination therein adverse to the appellant of an action at law to recover damages for the breach of an entire contract which was void under the statute of frauds. If that view be correct, no federal question is presented by the record.

A principal contention of appellant on his motion for reargument is that an equitable remedy would have been proper under the facts as pleaded by the complaint in its original state, and that he has been in effect deprived of his equitable remedy.

The right of a plaintiff to unite in one complaint several causes of action arising out of the same transaction, whether legal or equitable, and to ask appropriate legal or equitable relief in the same suit, is recognized in this state. Montgomery v. McEwen, 7 Minn. 276 (351); First Div. St. Paul & Pac. R. Co. v. Rice, 25 Minn. 278. And there is no question that a plaintiff will be granted the relief to which he shows himself to be entitled, although his prayer therefor be informal, inadequate, or mistaken, or that the initial test of whether a proceeding is in law or in equity is made by an examination of the complaint as a whole, and not of the prayer for relief only. But it is equally certain that current and necessary practice requires equity cases to go upon the court calendar, and, under ordinary circumstances, for law cases to go upon the jury calendar. Bond v. Welcome, 61 Minn. 43, 63 N. W. 3; Shipley v. Bolduc, 93 Minn. 414, 101 N. W. 952.

In accordance with this proper practice, the issue was presented to one trial judge whether this complaint set forth a cause of action at law to be tried by a jury or an equity case to be tried by the court. In the determination of this issue the trial court did not "undertake to change appellant's theory" or "to choose a theory for him," as he complains, but to construe a complaint which sought, on the same state of facts, without separate statement of separate causes of action, three varieties of equitable relief, as set forth in the former opinion, and two species of legal relief, and to adjudge what the action really was. That judge held that the complaint sought the award of damages for a breach of contract and struck out the general prayer for relief, and another judge put the case on the jury calendar.

The assignments of error based on this ruling are not well taken. As Justice Dickinson said, in Fritz v. McGill, 31 Minn. 536, at page 538, 18 N. W. 753, at page 754: "In considering the case upon appeal, we have to determine, first, the nature of the action, * * * and the cause of action upon which the plaintiff is to be regarded as relying. It is not easy from the complaint to determine these matters, and the court below was evidently embarrassed in its action by the difficulties presented upon the face of the pleading." While the question is not without doubt, we think the trial court properly construed the complex, confused, and inconsistent complaint. The present decision, however, is not based solely upon that opinion, but in part only. An examination of the whole course of trial tends strongly to confirm the conviction the second judge of the trial court properly held that the case was tried throughout as an action at law.

Counsel for appellant in his motion for reargument candidly points out that the case was tried before a jury, whose verdict for respondent the trial court directed. In legal effect the issues were determined by the court without a jury, as matters of law. The fact that there was a jury is only apparently, and not really, the basis of an inference adverse to the appellant. That the case was tried by the court as a suit at law, and not by the court as a chancellor, was correct, if its previous construction that the complaint set forth a cause of action at law and not in equity was correct. If that previous construction was incorrect, the trial with a jury was incorrect. The method of the trial was consistent with the theory of the trial court, but is not in the

least significant. The subsequent course of the trial is, however, a proper matter for consideration. Upon a construction of the complaint and an examination of the actual course of trial, we are satisfied that the trial judges were correct in their views that the one issue presented and tried was the right of plaintiff to recover damages for breach of contract.

Applicant has not pursued the proper practice with respect to a stay of proceedings. A formal stay is not necessary. Where counsel desire to sue out a writ of error from the federal supreme court, the remittitur, on order of any justice of this court, will be withheld for a reasonable time to afford opportunity for the preparation of the necessary papers.

Motion for reargument denied.