## MORTON BRICK & TILE COMPANY v. H. A. SODERGREN.[1]

July 2, 1915.

Nos. 19,337—(224).

**Trial by jury — demand for such trial.**

  1. Article 1, section 4, Minnesota State Constitution, continued the right of trial by jury as it existed at the time the Constitution was adopted, but it did not enlarge the right. In actions at law either party may demand a jury trial. In equitable actions neither party can demand a jury trial as of right as to any issue. Where legal and equitable issues are united, the legal issues are triable by a jury and the equitable issues by the court. But to secure a jury trial of issues properly triable by jury, demand must be made that the specific issues proper for trial by jury be so tried.

1 Reported in 153 N. W. 527.

**Equitable action.**

    2. The complaint in this action alleges an agreement to finance a corporation and failure to do so, a successful conspiracy to wreck the corporation and to procure it to be adjudicated a bankrupt, the fraudulent purchase of the assets from the trustee for a small fraction of their value, that the defendant accordingly held the assets purchased in trust for the corporation, and that he disposed of them wrongfully, and it demands judgment for the damages sustained. *Held,* the action is one to charge the defendant as trustee, to require him to account as such, that it is an equitable action, and plaintiff was not entitled to a jury trial.

Action in the district court for Hennepin county to recover $90,-000. When the case was called for trial plaintiff's motion to transfer the cause from the court calendar to the jury calendar was denied, Fish, J. When the case was thereafter reached for trial plaintiff's demand for a jury was denied, Steele, J., and the plaintiff refused to submit any evidence without a jury. Defendant's motion to dismiss the action for want of prosecution was granted. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*O. M. Peabody* and *George S. Grimes,* for appellant.

*A. B. Darelius,* for respondent.

HALLAM, J.

The complaint alleges that defendant was president, treasurer, general manager and a director in plaintiff corporation; that an agreement was made by which defendant agreed to finance the corporation, provide it with sufficient funds to carry on its business and pay its debts as they matured; that mortgages for $24,000 upon the company's real and personal property were given him to secure such advances; that defendant, in violation of his agreement, incurred debts in the name of the corporation in the sum of $20,000, fraudulently neglected and refused to pay the same or to finance the corporation, and, for the purpose of defrauding the corporation, conspired with certain of its creditors to wreck it and to procure it to be adjudicated a bankrupt on petition of creditors, and that upon his procurement it was so adjudicated a bankrupt; that defendant

then connived to purchase of the trustee in bankruptcy and did purchase from said trustee all the assets of the corporation, paying therefor only $1,250, whereas they were worth $90,000; that defendant took title to all said assets in his own name but in trust for the use and benefit of the corporation; that in violation of his duties he wrongfully disposed of all of said assets and converted the same and the proceeds thereof to his own use, and that plaintiff sustained damages in the sum of $90,000.

Defendant answered admitting the official capacity of defendant in the corporation, admitting the mortgages, alleging that they were given to secure money theretofore advanced and loaned to plaintiff, admitting the adjudication in bankruptcy of plaintiff, the appointment of a trustee and the sale of the assets to defendant, and denying the other allegations of the complaint.

Plaintiff demanded a jury trial. This the court denied. Plaintiff refused to submit the case without a jury and it was thereupon dismissed for want of prosecution.

, The sole question on this appeal is whether the plaintiff was entitled to a jury trial. The Constitution provides that "the right of trial by jury shall remain inviolate, and shall extend to all cases at law." Article 1, § 4. The statute provides that "in actions for the recovery of money only * * * the issues of fact shall be tried by a jury." G. S. 1913, § 7792. This provision is no broader than the provision of the Constitution. It has always been held that the effect of this section of the Constitution is to recognize the right of trial by jury as it existed at the time the Constitution was adopted, that is, its purpose was, not to enlarge such right, but to continue it inviolate. Whallon v. Bancroft, 4 Minn. 70 (109); State v. Kingsley, 85 Minn. 215, 218, 88 N. W. 742; Peters v. City of Duluth, 119 Minn. 96, 137 N. W. 390, 41 L.R.A.(N.S.) 1044. In actions, originally actions at law, either party may demand a jury trial. In actions which, according to the former practice, were equitable actions pure and simple, neither party can demand a jury trial as of right as to any issue. Jordan v. White, 20 Minn. 77 (91); Garner v. Reis, 25 Minn. 475; Shipley v. Bolduc, 93 Minn. 414, 101 N. W. 952. In mixed actions, that is, in actions where

legal issues are united with equitable issues, the legal issues are triable by a jury and the equitable issues by the court. Greenleaf v. Egan, 30 Minn. 316, 15 N. W. 254. In such cases some de-cisions hold that the party who has injected the equitable issues into the case, while he does not deprive the other party of his right to have legal issues tried by a jury, waives a jury himself. 24 Cyc. 158; Cogswell v. New York, N. H. & H. R. R. Co. 105 N. Y. 319. The correctness of this latter rule is not important here. In any event, in order to secure a jury trial of the issue properly triable by jury, demand must be made, not that all issues in the case be tried by a jury, but that the specific issues proper for trial by jury be so tried. Greenleaf v. Egan, 30 Minn. 316, 15 N. W. 254. Plaintiff made no such demand. He demanded a jury trial of all issues.

We think this case presents equitable issues. Plaintiff contends that the action is one "for the recovery of money only;" that it is merely an action to recover the value of certain property and the proceeds of certain other property misappropriated by defendant. If it were this and nothing more, then surely plaintiff was entitled to a jury trial. But this language does not properly characterize the action. The action is in no sense the action of conversion, for it involves dealing with real as well as personal property. Nor is it like an action for conversion. In form it is an action for damages for the wrongful disposition of real and personal property, and the prayer for relief demands only damages. But it is not the label affixed by the pleader, but the nature and character of the controversy, that determines whether or not the action is legal or equitable. Board of Co. Commrs. of Mille Lacs County v. Morrison, 22 Minn. 178, 182. The prayer for relief is not conclusive. Bond v. Welcome, 61 Minn. 43, 44, 63 N. W. 3. We think this action is essentially an action to charge the defendant as a trustee of certain property, the legal title to which he holds, and to require him to account as such trustee. Affirmative relief to this end must be granted before the plaintiff can recover at all. This is equitable relief, and the action is accordingly equitable in its nature, and plaintiff was not entitled to a jury trial. See Greenleaf v. Egan, 30 Minn. 316, 15 N. W.

254; Judd v. Dike, 30 Minn. 380, 15 N. W. 672; Lace v. Fixen, 39 Minn. 46, 38 N. W. 762; Bond v. Welcome, 61 Minn. 43, 63 N. W. 3. These cases are not just like the one at bar in their facts, but they are illustrative of the principles involved.

Plaintiff relies on Blackman v. Wheaton, 13 Minn. 299 (326), and Tancre v. Reynolds, 35 Minn. 476, 29 N. W. 171. These actions were in replevin. It was held in each case that the issues were triable by jury, and that the fact that certain principles of equity were involved as bearing upon the question of title and right of possession, did not alter the case. The substance of these decisions is that when the plaintiff has title to property, which, as it exists and without any affirmative equitable relief, gives a right of possession, an action by plaintiff to recover for the wrongful detention of such property is essentially a legal one, even though the plaintiff's title may have been equitable in its origin. See also Jones v. Rahilly, 16 Minn. 283 (320). But where a party has a mere equity which does not give him the right to possession or to any remedy predicated on the right of possession, without affirmative relief enforcing the equity, an action for the enforcement of his rights is essentially an equitable action. These cases do not hold otherwise. The plaintiff in this case pleads equities entitling him to equitable relief, and a jury trial was properly denied.

Order affirmed.