# CORNELIUS WILLIAMS v. FRED C. HOWES AND OTHERS.[1]

June 8, 1917.

Nos. 20,327—(117).

**Trial — right to jury.**

The trial court erred in denying to plaintiff a jury trial of the action, being one at law for the recovery of money only.

Action in the district court for Ramsey county to recover $2,000 for fraudulent representations in respect to a furnace and chimneys in a dwelling house. Plaintiff's motion for an order directing that all issues of fact raised by the pleadings be tried by jury, was dismissed. Defendants' motion to strike the case from the jury calendar of the court for May, 1916, was granted and plaintiff's motion to strike the case from the court calendar was denied. The case was tried before Orr, J., who made findings and ordered judgment in favor of defendants. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

Cornelius Williams, pro se.

Harris Richardson and Walter Richardson, for respondents.

PER CURIAM.

This case requires only a statement of facts and a reference to prior decisions of the court. The action is one at law for the recovery of damages for certain alleged false and fraudulent representations, charged in the complaint to have been made by defendants to induce plaintiff to enter

[1]Reported in 162 N. W. 1049.

into the contract therein mentioned. Defendant Howes interposed certain equities, asking a reformation of the contract, to which plaintiff replied, after a demurrer to the answer had been overruled, thereby consenting to the relief demanded by defendant in respect to a correction and reformation of the contract, which in no way affected plaintiff's cause of action for the alleged false and fraudulent representations. The cause was placed upon the calendar for trial by the court. When called in its order on the calendar plaintiff demanded a jury trial. His demand was refused, to which he duly excepted. The trial proceeded before the court without a jury resulting in a judgment for defendant. Plaintiff moved for a new trial, on the ground that the court erred in refusing a jury trial, and appealed from an order denying the same.

The assignments of error present the question whether the trial court was in error in denying a jury trial. That such ruling was error is clear. The action was one at law, as disclosed by the complaint, and triable by jury under section 7792, G. S. 1913. Plaintiff's demand for a jury trial at the time the case was called for trial was seasonable (Shipley v. Bolduc, 93 Minn. 414, 101 N. W. 952; Hasey v. McMullen, 109 Minn. 332, 123 N. W. 1078), and the denial thereof deprived him of a right guaranteed by the Constitution and laws of the state. The fact that defendant interposed certain alleged equities in no proper view changed the situation, or the right of plaintiff to a jury trial, even if all thereof were not conceded by the reply. This is settled law in this state. 2 Dunnell, Minn. Dig. § 5230; Crosby v. Scott-Graff Lumber Co. 93 Minn. 475, 101 N. W. 610. The question of the character of the action is determined solely by the complaint. Greenleaf v. Eagan, 30 Minn. 316, 15 N. W. 254; Bond v. Welcome, 61 Minn. 43, 63 N. W. 3; Nordeen v. Buck, 79 Minn. 352, 82 N. W. 644; Shipley v. Bolduc, 93 Minn. 414, 101 N. W. 952. In an action at law equitable issues interposed in defense must be tried by the court, unless the court otherwise directs. But the issues presented by the complaint must go to the jury. Crosby v. Scott-Graff Lumber Co., supra. As stated in Morton Brick & Tile Co. v. Sodergren, 130 Minn. 252, 153 N. W. 527, if the action be one at law, and nothing more, plaintiff cannot be refused a jury trial.

The plaintiff did not waive his rights by demanding that all the issues be tried by a jury. The rule applied by the learned trial court, that such general demand is too broad and properly denied, has application only to mixed actions involving legal and equitable causes of action. It does not apply to an action at law like the case at bar.

This disposes of the case. The efforts of plaintiff to secure a jury trial were numerous, but all thereof prior to the demand made when the case was called for trial are of no importance; the conspicuous thing noticeable therefrom is the persistent and insistent claim of plaintiff that he was en-

titled to a jury trial, a contention in which he was entirely right. The assignments of error and appellant's brief sufficiently comply with the rules.

Order reversed and new trial granted.