ANNA DRAMSE, APPELLANT, v. MODERN WOODMEN OF AMERICA, APPELLEE.

FILED JUNE 26, 1918.   No. 19815.

**Trial:** DIRECTION OF VERDICT.. Where the facts in evidence would not sustain a verdict for the plaintiff, a trial court is justified in directing a verdict for defendant.

APPEAL from the district court for Sheridan county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*E. D. Crites, F. A. Crites, W. T. Thompson* and *Reese & Stout,* for appellant.

*Nelson C. Pratt* and *Truman Plantz, contra.*

LETTON, J.

Action brought upon a benefit certificate issued in 1910. The assured died October 26, 1914. He paid all assessments and dues required by the certificate and the by-laws of the association up to and including the month of February, 1912. He defaulted in making the payment required for the month of March, 1912, and all assessments thereafter.

Under the provisions of the certificate it became null and void and the membership of the assured ceased upon

his failure to pay the March assessment. In order to constitute an excuse for this failure, the petition alleges in substance that shortly prior to the 1st day of February, 1912, the executive council of the association unlawfully increased the rates of assessment, which resulted in the deceased and other members failing to pay the increased assessment; that deceased offered to pay at the former rate, but this payment was refused; that a resolution was later passed by the association allowing those who had defaulted after the raise in rates to be reinstated, and that the plaintiff then offered to pay the assessment, but defendant refused to accept the same.

The answer denies membership at the time of death; denies any offer or tender to pay assessments; alleges that no demand was ever made upon deceased to pay increased rates; that they were not to go into effect until January 1, 1913, nine months after deceased defaulted, and that before the time they were to go into effect they were enjoined, afterwards abrogated, and never were attempted to be collected. The reply is virtually a general denial and restatement of part of the petition.

At the trial the plaintiff proved the issuance of the certificate and the death of Dramse on October 26, 1914; that proper proofs of death were made; and that the defendant has refused to pay the amount of the certificate. The defendant then proved the failure of Dramse to pay the assessment for March, 1912; that no attempt had ever been made by the association or its officers to collect a larger sum than Dramse had always paid; that the increased assessments were not to be payable until January 1, 1913; that before that time elapsed an injunction had been issued against the collection of any increased assessments; that the proposed rates were afterwards abrogated by the act of the head camp of the association; that they had never gone into force, and that no attempt had ever been made to collect them.

There is absolutely no proof in the record that the action of the Chicago head camp had anything to do with

the failure of Dramse to pay the March, 1912, assessment. It is undisputed also that no demand was ever made upon him for any larger payment than the amount of the former assessments; and that he never tendered or offered to pay the March, 1912, or any later assessment. If Dramse had continued to pay the monthly assessments as he always had done, he would not have lost his membership. His obligations were mutual and equal with those of the other members of the association. If this certificate were held valid and a recovery allowed upon it, he would have obtained nearly two years' additional insurance for nothing, and the other members of the association would be compelled to pay more than their just share, on account of his default. A tender made after suit was begun could not reinstate his lapsed membership. If the defendant had ever attempted to collect an increased rate of assessment, as plaintiff's pleadings allege, or if other statements in the pleadings and briefs were sustained by proof, a different case would be presented; but, as it is, the evidence seems to show that he voluntarily and intentionally abandoned his membership in the association. The provision afterwards made whereby suspended members might, by taking certain action, be reinstated is of no relevancy, because Dramse failed to avail himself of the opportunity thus afforded.

The district court properly directed a verdict for defendant.

AFFIRMED.

HAMER, J., dissents.