## HOLLAND PIANO MANUFACTURING COMPANY v. ASHLEY F. SMITH AND FLORENCE B. SMITH.[1]

February 16, 1923.

No. 23,185.

**Demand for jury trial too broad.**

1. An action to recover money, to require an accounting by an agent, and to cancel certificates of corporate stock, presents both jury and nonjury issues, and it was not error to refuse detendants' general demand for a jury trial. Defendant should have demanded a jury trial as to jury issues.

**Agreement to issue capital stock unproved.**

2. Defendants alleged an agreement by plaintiff to issue to one of defendants an additional amount of its capital stock. The evidence sustains the finding of the court adverse to defendants on this point.

[1]Reported in 192 N. W. 355.

**New trial on condition, because amount awarded exceeded special findings.**
> 3. The finding as to the aggregate amount due plaintiff from defendants is not sustained by the findings as to particular items, and a new trial must be had, unless plaintiff accepts the amount by which the general finding exceeds the special findings.

**Stockholder's stock subject to lien of company for his debt to it.**
> 4. A corporation is entitled to a lien on the stock of a stockholder for the amount of a debt which he owes the corporation.

Action in the district court for Hennepin county. The case was tried before Steele, J., and after his death, Bardwell, J., by stipulation of the parties and upon a transcript of the testimony and upon arguments and briefs, filed amended findings and ordered judgment as mentioned in the opinion. From an order denying their motion for a new trial, defendants appealed. Modified.

*Francis B. Hart,* for appellant.

*Gray & Eaton,* for respondent.

HALLAM, J.

Defendant Ashley F. Smith was employed by plaintiff as office manager, secretary and cashier. Defendant Florence B. Smith is his wife. Plaintiff claims that defendant Ashley misappropriated moneys of plaintiff amounting to $4,500. Both defendants were indebted to plaintiff in the sum of $500 on a promissory note. Defendant Ashley was the owner of 25 shares of stock in the company, 24 shares of which stood in the name of defendant Florence. Plaintiff sued to recover the demands mentioned, and for an accounting and for cancelation of the certificates of stock.

Defendant Ashley claimed of plaintiff back salary and dividends amounting to $1,812.33, and claimed a broken agreement of plaintiff to issue to him 75 shares additional stock in consideration of services rendered, and counterclaimed for the value thereof.

The court disallowed defendant Ashley's claim for additional stock; found that defendant Ashley misappropriated money to the amount of $3,177.12, and that defendants were liable in $500 and interest on the promissory note; allowed defendant Ashley's counter-

claim of $1,812.35 for salary, and found plaintiff entitled to a lien for the balance on the 25 shares of stock issued.

1. At the commencement of the trial there was some colloquy which may be construed as a demand by defendants for a jury trial. The court denied this. Plaintiff, in its complaint, alleged misappropriation of funds and demanded a money judgment. This cause of action was legal. Plaintiff also demanded an accounting and demanded the cancelation of defendant's stock. There are allegations pertinent to such demands. Cancelation is an equitable remedy, and an action against an agent for an accounting is equitable. Greenleaf v. Egan, 30 Minn. 316, 15 N. W. 254; Judd v. Dike, 30 Minn. 380, 15 N. W. 672. Defendants were entitled to a jury trial as to the legal issues, but not as to the equitable issues. Their demand should have been made accordingly. Refusal of a demand that all issues be tried by a jury was not error. Greenleaf v. Egan, 30 Minn. 316, 15 N. W. 254; Judd v. Dike, 30 Minn. 380, 15 N. W. 672; Chadbourne v. Zilsdorf, 34 Minn. 43, 24 N. W. 308; Lace v. Fixen, 39 Minn. 46, 38 N. W. 762; Morton Brick & Tile Co. v. Sodergren, 130 Minn. 252, 153 N. W. 527.

2. As to the claim for additional stock, the findings are sustained by the evidence. Defendant Ashley had been in the employ of the Segerstrom Piano Company. This company became insolvent and plaintiff corporation was formed and took over the assets. Defendant Ashley entered its employ on a salary. Plaintiff was free with its stock. The old company had been a failure and its stock worthless. The new was still an experiment. Plaintiff issued $10,000 each to two other employes at the time defendant received his $2,500. Defendant claimed plaintiff made a contract with him for a five-year employment and that $10,000 in stock was to be issued to him as compensation in addition to his cash salary. There is some evidence that plaintiff's president admitted that defendant Ashley was to have $10,000 of stock. Yet defendants' testimony fails to show any explicit agreement. If made it was not in writing and since it involved a five-year contract, was, until performed, invalid under the statute of frauds. So vague a verbal agreement as to a matter of such importance was at least unusual and un-

businesslike. There is no claim that defendant, during his term of service, ever demanded performance. All in all his showing is not a strong one. One the other hand the evidence on the part of plaintiff is not altogether satisfactory. In the complaint it is alleged that the $2,500 of stock issued was issued pursuant to agreement and as compensation for his services. The officer who verified the complaint testified on the stand that Smith was hired for no definite time and that the stock issued to him was a gift. He did deny any agreement to issue $10,000 of stock to Smith. The trial court believed this and we cannot say he should not have done so.

3. The findings as to the money demand cannot be wholly sustained. The claim of plaintiff was embodied in a bill of particulars of 18 separate items. The original decision found in a lump sum the amount due plaintiff. The court, in response to request of counsel to state the items of the bill of particulars upon which the findings of fact were based, did indicate the items allowed and stated that all other items were denied. This finding is sustained as to all items save one. Item number 14 was allowed at $1,352.51. This amount was necessary to make up the total amount found by the court. But item number 14 was for only $155. Only that amount was claimed. There is no evidence to make it any more. Plaintiff does not claim it is any more. The allowance of that item is accordingly excessive in the sum of $1,197.51. There can be no question as to this. Plaintiff's counsel does not attempt to explain this finding as to this item. In his brief he defends the total amount found by the court, but he does so by claiming items which the court expressly denied. The finding cannot be sustained in this manner. It cannot be sustained at all.

The special finding as to item 14 not being sustainable, the result must be a new trial. 29 Cyc. 836; Jordan v. St. Paul, M. & M. Ry. Co. 42 Minn. 172, 43 N. W. 849, 6 L. R. A. 573, unless plaintiff is willing to accept an amount reduced to the extent that the finding as to item 14 is excessive. Norton v. Metropolitan Life Ins. Co. 74 Minn. 484, 494, 77 N. W. 298, 539.

4. The court found plaintiff entitled to a lien on the stock of defendants for the amount due from them to the corporation. Plain-

tiff was entitled to this relief. G. S. 1913, § 6176; United States & C. L. Co. v. Sullivan, 113 Minn. 27, 128 N. W. 1112, Ann. Cas. 1918A, 51.

A new trial must be granted as to issues arising out of the state of account between the parties, unless plaintiff consents to reduction of the amount of recovery by $1,197.51. We find no occasion for a retrial of the issue as to defendant Ashley F. Smith's right to additional stock.

Modified.