MARGARET COUGHLIN v. FARMERS & MECHANICS SAVINGS BANK OF MINNEAPOLIS AND OTHERS.[1]

January 29, 1937.

No. 30,855.

Thomas F. Clifford and R. V. Gleason, for appellant.

Robert J. McDonald, William H. DeParcq, and John Edmund Burke, for respondents.

PER CURIAM.

. Plaintiff appeals from the judgment entered in favor of the defendants.

The action was brought by plaintiff as administratrix of the estate of her deceased husband, Edmond Coughlin, to recover certain trust deposits made by the decedent in his lifetime in the defendant bank in savings accounts in trust for the other defendants.

Two grounds are urged for holding that these trust deposits did not vest the funds so deposited in the individual defendants, but became assets of decedent's estate: First, that, at the time he made the trust deposits the decedent was insane and suffering from insane delusions and was incompetent to dispose of his property by creating a trust, or otherwise; second, that, even if decedent were competent, these trusts were testamentary in character and

invalid because not made in compliance with the statutory requirements as to the making of wills.

It appears by these pleadings that these two issues, namely, whether at the time decedent established these trusts he was mentally competent to dispose of his property, here involved, and, if so, whether these trusts were testamentary in character and did not become effective in his lifetime, were the decisive, if not the only, issues in the case.

Under the statutes, 2 Mason Minn. St. 1927, § 9288, the right to a trial of the issues by a jury is granted in actions for the recovery of money only, or of specific real or personal property, or for a divorce on the grounds of adultery. The fact that the relief asked is the recovery of money does not give a right to a jury trial. The question is to be determined by looking to the character of the issues to be tried as made by the pleadings. Morton Brick & Tile Co. v. Sodergren, 130 Minn. 252, 153 N. W. 527; Swanson v. Alworth, 168 Minn. 84, 209 N. W. 907. There are other decisions stating in general terms that the question is to be determined by the complaint. Shipley v. Bolduc, 93 Minn. 414, 101 N. W. 952. The correct rule is the one stated in Swanson v. Alworth, 168 Minn. 84, 209 N. W. 907. It is not important in this case which rule be applied, for the complaint presents the issues on the two questions here involved. Essentially these issues involve the setting aside and invalidating of trusts shown by the records of the defendant bank. We hold there was no right to a jury trial. Levine v. Lancashire Ins. Co. 66 Minn. 138, 68 N. W. 855 (action to set aside an award and recover on insurance policy); Guernsey v. American Ins. Co. 17 Minn. 83 (104) (action to reform an insurance policy); Banning v. Hall, 70 Minn. 89, 72 N. W. 817; Russell v. Reed, 32 Minn. 45, 19 N. W. 86 (action for cancellation of instruments); Morton Brick & Tile Co. v. Sodergren, 130 Minn. 252, 153 N. W. 527 (action to charge defendant as trustee); Lewis v. Murray, 131 Minn. 439, 155 N. W. 392 (the issue of testamentary capacity and undue influence in the making of a will).

■ Trusts of the kind here involved have been held valid as express trusts under our statutes and to vest title to funds deposited

in the donee or donees unless disaffirmed by the depositor before his death, or set aside for fraud or incompetency. Walso v. Latterner, 140 Minn. 455, 168 N. W. 353; *Id.* 143 Minn. 364, 173 N. W. 711; Dyste v. Farmers & M. Sav. Bank, 179 Minn. 430, 229 N. W. 865; 2 Mason Minn. St. 1927, § 7711.

■ The case was tried before the court and a jury. Before the trial commenced the court indicated to counsel that a special question as to decedent's mental capacity might be submitted to the jury, and the court could then pass on the other questions. Later in the trial the court informed counsel that two questions would be submitted to the jury, and the court would thereafter make its findings and conclusions of law. Plaintiff did, at the close of the evidence, move the court that the case be submitted to the jury for a general verdict, which motion was denied. The two questions submitted were:

"Interrogatory No. 1.

"Did Edmond Coughlin at all times when he established and transacted all matters with reference to, the bank accounts here involved, have sufficient mental capacity to know and understand and did he then know and understand the property he was dealing with and the nature and effect of his acts with respect thereto?

"Interrogatory No. 2.

"Did Edmond Coughlin at all times when he established and transacted all matters with reference to, the bank accounts here involved, have sufficient mental capacity to understand and comprehend and did he then understand and comprehend his relationship and obligations to his wife and all other members of his family and to all those who naturally had claims upon his bounty, the nature and extent of his property involved and the effect of his acts in disposing of it, and was he able to hold those matters in his mind long enough to form a rational judgment concerning them?"

To interrogatory No. 1 the jury answered "Yes." To interrogatory No. 2 the jury answered "No."

After the jury had answered these questions and been discharged, but before the court had made any findings or conclusions of law,

the plaintiff moved the court to make findings of fact and conclusions of law in her favor on all issues in the case and that it set aside the answer of the jury to interrogatory No. 1, which motion was denied. The defendants also moved the court for findings and conclusions of law on all the issues in the case and, in the alternative, that it set aside the answer to interrogatory No. 2.

In that situation the entire case appears to have been submitted to the court for findings and decision. The plaintiff had also proposed findings of fact and conclusions of law in her favor covering all fact issues in the case and moved their adoption. Plaintiff cannot now complain of the failure of the court to submit the case to the jury for a general verdict. We think also that plaintiff cannot now complain of the action of the court in setting aside the jury's answer to interrogatory No. 2 or its failure to set aside the answer to interrogatory No. 1.

■ The question of the sufficiency or, insufficiency of the evidence to sustain all findings of fact or any specific findings is not clearly pointed out. The evidence covers some 1,100 pages of typewritten record. We have examined it as it applies to the decisive issues presented and conclude that there is sufficient evidence to sustain the court's findings of fact. The conclusions of law are sustained by the facts found.

■ There are 62 assignments of error. To analyze and discuss each separately would extend this opinion beyond reasonable limits. The case would have been much simplified if there had been submitted to the jury only the one question as to the mental capacity of the decedent to establish the bank deposit trusts here involved. If the court and jury found that decedent was mentally competent to establish these trusts, as was here found, or, if the finding was to the contrary, then, in either event, testamentary capacity was out of the case.

■ We have found no reversible errors.

The judgment appealed from is affirmed.

The foregoing opinion was prepared by Mr. Justice I. M. Olsen before his retirement and is adopted as the opinion of the court.

Mr. Chief Justice Devaney took no part in the consideration or decision of this case.

Mr. Justice Peterson, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.